## Ex parte DEATHERAGE et al.

Circuit Court of Appeals, Ninth Circuit.

Aug. 27, 1938.

Louis Deatherage and Thaddeus Deatherage, in pro. per.

WILBUR, Senior Circuit Judge.

This is an application for leave to appeal in forma pauperis from an order of the District Court of the United States for the Northern District of California, Southern Division, denying applicant's petition for writ of habeas corpus.

Applicants state that they are illegally imprisoned in the state prison for the State of California at Folsom in violation of the Constitution of the United States; they state they were convicted by perjured testimony; that the district attorney knew the prosecutrix was committing perjury and deliberately suppressed the hospital chart and the findings of the examining physician, thereby securing a conviction on testimony known to be perjured. Upon this bald statement they seek to set aside the "conviction".

The statement that the district attorney knew the prosecutrix was committing perjury is a conclusion which is not supported by any evidentiary facts. The allegation that the district attorney deliberately suppressed the "hospital chart and the findings of the examining physician" is without significance in the absence of something to show that this testimony was relevant and material, and that its existence was unknown to the defendants. The applicants do not state the nature of the offense for which they are convicted.

Applicants state that their case comes squarely within the decision in Mooney v. Holohan, 294 U.S. 103, 110, 55 S.Ct. 340, 341, 79 L.Ed. 792, 98 A.L.R. 406. It is sufficient for the purpose of this case to point out that the petitioner there did not rely upon bald assertions of misconduct on the part of the district attorney, but presented with great elaboration the circumstances which petitioner avowed supported his contention.

Leave to appeal from the decision of the lower court in cases where applicants are held under state process can only be granted if accompanied by a certificate of probable cause and, as I have pointed out in Re Melendez, 9 Cir., 98 F.2d 791, this day filed, such a certificate will rarely be issued where it is sought to review a decision of the lower federal court refusing to interfere with the custody of the petitioner held under process of the state court.

Application denied.