**TOWNE v. HUDSPETH, Warden.**

**No. 1957.**

Circuit Court of Appeals, Tenth Circuit.

Dec. 28, 1939.

E. N. Freeman, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

This is an application by Orin Towne for the review of an order of the United States District Court for the District of Kansas denying his petition for a writ of habeas corpus.

He was charged in an indictment duly returned on September 29, 1923, in the District Court of the United States for the Northern District of California, containing two counts in substance charging violations of the postal laws of the United States as follows:

(1) That said Orin Towne while in the postal service of the United States as a substitute post office clerk stole a registered first class parcel addressed to the Bank of Courtland, California. (2) That he unlawfully, wilfully and feloniously rifled and stole the contents of such parcel.

Whilst said case was pending against him, on October 6, 1923 he addressed a letter to the court requesting that it be transferred from the Northern Division at Sacramento, California to San Francisco, California, that it might be disposed of more promptly.

On October 15, 1923, said Orin Towne entered a plea of guilty and was sentenced to a term of imprisonment of five years. On the same day a commitment was issued and on October 26, 1923, he was delivered to the United States Penitentiary at McNeil Island.

On July 28, 1925 he was released on a conditional parole. On June 9, 1927 he was declared to be a parole violator, and recommitted on January 10, 1931 to serve the remainder of his sentence. On Novem-

ber 25, 1931 he was given a conditional commutation of sentence. On December 2, 1931 he accepted said conditional commutation of sentence in writing and was released. On November 8, 1933 he was committed to the Iowa State Penitentiary for the crime of breaking into and entering a dwelling house in the daytime. On August 2, 1938 his conditional commutation of sentence was revoked. Upon completion of his sentence in the Iowa State Penitentiary, he was taken into custody and delivered to the Attorney General of the United States to complete the original term of imprisonment, which will expire December 13, 1940.

The contention of said Towne is that when he entered his plea of guilty on September 29, 1923, he was denied the right to the assistance of counsel. No exhibits were attached to his petition for such writ.

The United States in its response avers that Towne was sufficiently advised of his right to the assistance of counsel, and voluntarily, intelligently, and in a competent manner waived same. Attached to such answer as exhibits were affidavits of Fred McDonald, former Assistant United States Attorney and of George Austin, United States post office inspector, and of a copy of the proceedings in the United States Court for the Northern District of California, and of the conditional commutation of sentence, and of the revocation of such commutation.

A copy of the judgment on the plea of guilty discloses that Towne came into court without counsel; that he was informed by the court of the nature of the indictment filed against him, and after arraignment entered a plea of guilty; that he was asked if he had any legal cause to show why judgment should not be pronounced against him on said plea, and no sufficient cause being shown or appearing to the court, he was thereupon sentenced.

Fred McDonald (Assistant United States Attorney) in his affidavit stated that at the time of the arraignment, plea and sentence of Towne, as such official he was acting under assignment to the court room of Honorable John S. Partridge, then a presiding judge but now deceased, and was in court on October 15, 1923 when Towne was arraigned, pleaded guilty and sentenced; that he had no personal recollection of the case, but that it was the practice of said Judge Partridge to always inquire of each defendant who was not represented by counsel whether he had funds or means with which to procure counsel, and if the defendant responded in the negative, to inform such defendant that he was entitled to be represented by counsel and the court would appoint an attorney for him if he so desired; that Judge Partridge always made full inquiry as to the facts of each case and before acceptance of a plea of guilty of a defendant not represented by counsel advised him of the effect of his plea and the sentence that might be incurred thereby.

George Austin, United States post office inspector, in his affidavit stated that he was such inspector on August 23, 1923, at which time he caused the arrest of Towne at Council Bluffs, Iowa, and his removal to Sacramento, California, where he was indicted for violation of Section 195 of the Criminal Code of the United States, 18 U. S.C.A. § 318; that while Towne was confined in the county jail at Sacramento he asked deponent if steps could not be taken for prompt disposition of his case, and requested that the hearing be transferred to San Francisco; that he had no specific recollection of the proceedings before Judge Partridge on October 15, 1923, but Judge Partridge as a rule before accepting a plea or sentencing a defendant not represented by counsel always made full inquiry of the defendent to ascertain whether he desired the court to appoint counsel for him, and ascertain from such defendant as to whether he knew the nature of the charge and the effect of the plea of guilty.

The trial court found that Towne was not denied the right to the assistance of counsel at the time he entered his plea of guilty, and that the application for the petition for writ of habeas corpus should be denied.

■ One accused of crime may waive his right to the assistance of counsel and such waiver of right will ordinarily be implied where the accused appears without counsel and fails to request the assignment of counsel to him. Buckner v. Hudspeth, 10 Cir., 105 F.2d 396, certiorari denied 60 S.Ct. 99, 84 L.Ed.——.

■ The burden of proof rested upon Towne to show that he was denied the right to assistance of counsel. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461.

■ The record discloses that at the time Towne entered his plea of guilty he was duly informed of the nature of the charge against him, and asked by the court if he had any legal cause to show why judgment should not be pronounced. There is nothing in the record to disclose that he did not intelligently and understandingly waive the right to counsel. The court made such finding which was supported by substantial evidence.

The judgment of the trial court is affirmed.