## HARPIN v. JOHNSTON, Warden.

### No. 9328.

Circuit Court of Appeals, Ninth Circuit.

Feb. 6, 1940.

Harold Harpin, in pro. per.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

Appellant, confined to the federal penitentiary at Alcatraz Island, seeks to review an order denying his petition for a writ of habeas corpus.

On December 19, 1935, appellant and one Hanley were indicted in two counts for kidnapping and transporting two persons in interstate commerce. By another indictment returned on the same day, appellant and Hanley were indicted for transporting a stolen automobile in interstate commerce. On January 10, 1936, appellant pleaded not guilty to the indictments, but withdrew such plea on January 23, 1936, and entered a plea of guilty. He was sentenced on that day to a term of 25 years on each of the kidnapping charges, and to a term of 5 years on the other charge, all sentences to run concurrently.

On April 28, 1939, appellant filed in the court below his petition for a writ of habeas corpus, alleging that he was being deprived of his liberty contrary to the Sixth

Amendment of the Constitution, U.S.C.A., in that he had not had the assistance of counsel in the proceedings under the indictment, and did not intelligently or competently waive his right thereto. The court below thereupon issued an order directing appellee to appear at a time fixed, and show cause why the writ should not issue. Counsel was appointed for appellant at his request.

Appellee filed a return alleging that appellant was detained pursuant to the judgments, sentences and commitments in the criminal cases above mentioned, and attached to the return were copies of the indictments, minute entries showing pleas, judgments and sentences, warrants of commitments and certain affidavits. The records of the cases do not disclose affirmatively that appellant was advised of his right to counsel, or that he knew of such right.

The trial judge before whom the pleas were made, certified that prior and subsequent to and on January 10, 1936, it was the practice in his court upon arraignment of a defendant in a criminal case "for the Judge himself or, under his direction, for the United States Attorney or his Assistant to make inquiry of the defendant before receiving his plea if he had engaged counsel, and if his answer was in the negative to further inquire if the defendant wanted counsel appointed for him, and if he answered in the affirmative to appoint a member of the bar of this Court to act as counsel for the defendant in the event that defendant further answered that he was not financially able to employ counsel"; that prior to about January 1, 1937, it was not the practice in his court for the Clerk to record whether or not the defendant had been asked if he wished counsel assigned; and that on January 17, 1936, he had received the following letter from appellant: "Dear Sir:

"I was in your court last friday and three indictments were read to me. wishing time to consider, I plead not guilty. I have thought carefully and wish to plead guilty. Will you please accept this as a written plea of 'guilty' to all three counts and dispose of my case at your earliest convenience * * *"

An affidavit of an Assistant United States Attorney contained like statements as to the practice of the court before whom the indictments were pending, and in addition, stated: "In the case at bar affiant has no distinct remembrance that such inquiry was made; but, as this was considered a major crime, every precaution was taken to see that the defendant was given every privilege and constitutional right which the law provides. I am of the opinion that the usual course of proceedings as above outlined was not omitted in this case * * "

In the traverse to the return, appellant for lack of knowledge of the practice in the court where the indictments were pending denied the statements in the affidavits in that respect, and again alleged that he was not advised of his right to counsel, and in fact, did not know that he had such right.

The trial court denied the petition for the writ upon the authority of Buckner v. Hudspeth, 10 Cir., 105 F.2d 396, holding that appellant had competently and intelligently waived his right to counsel. This appeal followed.

In Johnson v. Zerbst, 304 U.S. 458, 463, 464, 468, 58 S.Ct. 1019, 1022, 1023, 1025, 82 L.Ed. 1461, we find that the "Sixth Amendment withholds from federal courts, in all criminal proceedings, the power and authority to deprive an accused of his life or liberty unless he has or waives the assistance of counsel"; that where "a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel"; and that "The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused". .

We believe the trial court properly held that appellant had failed to carry the burden resting upon him. While he now says he did not understand that he was waiving his right to counsel, and that he did not know he had such right, it must be remembered that such statements come from a confessed criminal without corroboration. The trial court was not compelled to believe his uncorroborated statement that he did not know of his right to counsel. He has, therefore, failed to overcome the presumption that he knew the law in that respect. It must be taken that he knew of his right to counsel. Despite such

knowledge, he pleaded guilty after careful consideration as he stated in his letter to the trial judge before whom the indictments were pending. We think the record fails to show that he did not competently and intelligently waive his right to counsel.

Affirmed.