**WALKER v. JOHNSTON, Warden.**

**No. 9284.**

Circuit Court of Appeals, Ninth Circuit.

Feb. 6, 1940.

Rehearing Denied March 7, 1940.

Willard S. Johnston, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

Appeal has been taken from an order denying a petition for a writ of habeas corpus. Appellant is confined to the United States Penitentiary at Alcatraz Island.

On April 14, 1936, appellant and another were indicted in a United States District Court in Texas. One count charged robbery of a national bank by force and violence and by putting certain employees in fear thereof. A second count charged defendants with using a dangerous weapon in committing the offense described in the first count. On April 28, 1936, a jury was sworn and the indictment was read. Appellant pleaded guilty, and his codefendant pleaded not guilty. The jury returned the following verdict: "We the jury, find the defendant Jack Walker guilty as charged in the indictment. We further find the [codefendant] guilty." On May 1, 1936, judgment was pronounced sentencing appellant to imprisonment for twelve years.

In his petition for a writ of habeas corpus, appellant alleged that he was being deprived of his liberty contrary to the Sixth Amendment of the Constitution, U.S.C.A., because he did not know he was entitled to counsel when the proceedings under the indictment took place, was not so advised by the court, and did not waive such right. The court below made an order directing appellee to appear and show cause why the writ should not issue. Appellee thereupon filed a return, alleging that appellant was being detained under the judgment and sentence and order and warrant of commitment. Certain documents were attached to the return, including three affidavits.

One affidavit was made by a United States attorney who stated therein that at the time appellant committed the offense in question he was an escaped convict from New Mexico, and had a life sentence to serve there; that on the day of the trial he talked with appellant; that appellant

stated that he was guilty; that appellant said he was going to plead guilty; that he asked appellant "if he had a lawyer and he said that he did not want an attorney"; and that on May 15, 1936, he received a letter from appellant wherein the latter thanked the attorney for what the attorney did for him in connection with the proceedings under the indictment.

One affidavit was made by an assistant United States attorney, wherein he stated that he was with the United States attorney when appellant was questioned; that appellant stated "that he had no lawyer and did not desire one, as he felt an attorney would be of no value to him"; that appellant "stated to the district attorney and me, and as I recall in open court to the Judge, that he was not represented by counsel, and did not desire counsel appointed for him; that he was pleading guilty, because he was guilty, and under those conditions and circumstances his plea of guilty was accepted"; and that the letter mentioned by the United States attorney was one of thanks "for the fair and impartial treatment he received in the handling of the case".

The other affidavit was made by a United States probation officer who was previously a deputy United States marshal. The officer stated that appellant told him that he [appellant] "had no intentions of using a lawyer as he did not think that a lawyer would do him any good". The officer also confirmed the statements in the other affidavits that appellant was asked "if he had a lawyer to represent him and he stated that he did not and that he was not going to use a lawyer".

In his traverse to the return, petitioner denied the statements in the affidavits related above, and alleged that the United States attorney asked appellant to plead guilty, and he replied that he would plead not guilty; that thereupon the attorney exhibited certain pictures and sought to persuade appellant to plead guilty; that appellant refused to talk further with the attorney at that time; that thereafter he asked the attorney for a continuance in order to communicate with his relatives and attempt to obtain money with which he could hire counsel; that the attorney refused the request, and also appellant's request for an opportunity to talk with his codefendant or the latter's counsel; that because of his fear that he would be sentenced to more than twelve years, appellant pleaded guilty; and that such fear was caused by the fact that the attorney told him "to plead guilty to said charges, warning him that otherwise petitioner would be sentenced to double the term that he would receive if he pleaded guilty". Petitioner further alleged that at no time during the proceedings under the indictment, did he know or believe that he was entitled to counsel; that no one told him of such right; that no one offered to procure counsel for him; that at no time during the proceedings was he asked to waive such right; that he had attended school only through the fifth grade, was unversed in the law, was unable and unqualified to represent himself, and actually "believed that he could not obtain the assistance of counsel without money to pay therefor".

Attached to the traverse was a letter from the deputy clerk of the Court which rendered the judgment and sentence, and which contained the following statement: "The writer was not in the court room when your case was called, and I of course do not know just what was said by you, but it has not been the practice or custom to appoint an attorney to defend unless a plea of not guilty is entered, and it is shown that the defendant is unable to employ an attorney".

The court below denied the petition for the writ, and this appeal followed.

It is provided in 28 U.S.C.A. § 454 that an application for a writ of habeas corpus shall be made "by complaint in writing, signed by the person for whose relief it is intended, setting forth the facts concerning the detention of the party restrained, in whose custody he is detained, and by virtue of what claim or authority, if known". The following section provides that the "judge to whom such application is made shall forthwith award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto". Appellant contends that the preliminary examination mentioned in the latter statute means that the petition is to be examined as on a demurrer, and if the facts stated in the petition disclose that the petitioner is entitled to his release, then the writ must issue, and a full hearing held on the issues made by the petition and the return to the show cause order. Appellant asserts, therefore, that the court below erred in failing to issue the writ, in failing to hold a full hearing on the issues made by the petition and the return to the show

cause order, and in denying the petition summarily.

■■ Whether or not such contention is sound we need not consider, because in addition to the procedure mentioned in the statute, another manner of proceeding has been approved by the Supreme Court. By such procedure, upon the filing of the petition, an order to show cause why the writ should not issue is made. A return is made thereto by the detaining officer, thus enabling the court to determine from the petition and the return whether or not a case for the issuance of the writ has been made. Ex parte Yarbrough, 110 U.S. 651, 653, 4 S.Ct. 152, 28 L.Ed. 274; Zahn v. Hudspeth, 10 Cir., 102 F.2d 759, 762. The fact that the hearing was summary is not a valid objection because the court is directed by the statute to "proceed in a summary way". 28 U.S.C.A. § 461; In re Medley, Petitioner, 134 U.S. 160, 174, 10 S.Ct. 384, 33 L.Ed. 835. The effect of the rule is to require petitioner to submit whatever evidence he has with his petition or with his traverse to the return to the order to show cause. It is not suggested here that petitioner has not done so.

The procedure followed here was born of necessity. During the calendar year 1939, 105 petitions for writs of habeas corpus were filed in the court below, from only one of two divisions thereof, of which 74 were filed by prisoners in the United States Penitentiary at Alcatraz Island. Appellee presumably has certain duties to perform, the performance of which would be greatly hampered, if not prevented, if we were to require him to bring such prisoners into court. The practical utility of the procedure followed here is apparent.

■ With respect to the contention that appellant did not competently and intelligently waive his right to counsel, the only evidence supporting such contention is that of appellant. The three affidavits submitted with the return of appellee are in conflict with appellant's statements. From such affidavits it appears that when appellant was asked whether or not he had counsel, he replied to the effect that he did not want counsel. If the affidavits were believed, there is a clear waiver by appellant of his right to counsel. The trial court was not compelled to believe the statements made by appellant—a confessed criminal. The letter attached to the traverse does not conflict with the evidence of waiver. The applicable rules are fully stated in Harpin v. Johnston, 9 Cir., 109 F.2d 434, this day decided.

Affirmed.