**FRANZEEN v. JOHNSTON, Warden.**

**No. 9359.**

Circuit Court of Appeals, Ninth Circuit.

May 9, 1940.

818

Richard C. Franzeen, in pro. per.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

Richard C. Franzeen appeals from an order of the District Court denying his petition for a writ of habeas corpus. February 18, 1936, he and one Elliott W. Michener were sentenced and judgment entered under an indictment returned in the Northern District of California, drawn in five counts, which charged him and his co-defendant with violation of Section 264 of 18 U.S.C.A. He had pleaded guilty and received a sentence of five years on each count, terms of imprisonment to run concurrently; he also was fined the sum of $1 on each count. He was imprisoned at

McNeil Island, Washington, March 14, 1936. September 19, 1935, Franzeen and Michener were indicted in two counts in an indictment returned in the District of Minnesota, for a crime of a similar nature, but they were not tried until May 12, 1936; each entered a plea of guilty to the indictment; sentences were imposed and judgments entered. Franzeen was sentenced to a term of 15 years on the first count and 10 years on the second, the terms of imprisonment to run consecutively, the term of the first count to begin immediately upon expiration of the sentence imposed by the District Court for the Northern District of California. The Minnesota court also levied a fine of $1,000 on each of the two counts of the indictment. Franzeen's place of imprisonment was then designated as Leavenworth Penitentiary, Kansas. On March 5, 1937, he was ordered transferred to the United States Penitentiary, Alcatraz Island, California. We believe it safely can be said that the appellant was not defended by counsel at the trial of either indictment.

Franzeen filed a petition for writ of habeas corpus in the court below, seeking release from custody upon the ground that "he was deprived of the assistance of counsel for his defense" in both courts. The court below issued an order to show cause, directed to the warden of the penitentiary, and set a return day. On the same day a member of the bar of the District Court was appointed attorney for the petitioner. The return to the order to show cause recited that the petitioner was detained by virtue of the two judgments, and the transfer order, heretofore mentioned. There were also filed, as a part of the return, an affidavit of an Assistant United States Attorney for the Northern District of California, and an affidavit of an Assistant United States Attorney for the District of Minnesota, each of whom was present in court at the time of the respective arraignments. Neither affidavit stated positively that the appellant had been asked, in so many words, whether he desired the assistance of counsel for his defense, or that he had been advised by the trial court that the court would appoint such counsel for him, though he be without funds with which to pay counsel. The affidavit of the Assistant United States Attorney for the District of Minnesota, however, recited that the indictment was read in full to the defendants and that they were asked

whether they understood the nature of the charges contained therein, to which each answered that he did; that they were asked whether they pleaded guilty or not guilty, and each pleaded guilty; that neither defendant at any time made request for the assistance of counsel. The affidavit of the Assistant United States Attorney for the Northern District of California averred that he had no independent recollection of the case; that his records indicated that defendant was arraigned and pleaded guilty as charged in the indictment; that to the best of his recollection it was the practice of the trial judge and of his court clerk "to apprise without exception all defendants appearing without counsel of their right to assistance of counsel should they be without funds with which to secure the services of counsel." He further averred that he had no recollection of this practice not being followed on the date when Franzeen was arraigned. After hearing on the return to the order to show cause, the court below entered an order denying and dismissing the petition for the writ of habeas corpus. The petitioner appeals from that order; upon an affidavit of poverty, the court below permitted him to prosecute his appeal in forma pauperis.

Two questions are before us on this appeal: (1) Whether the lower court erred in denying and dismissing the petition for the writ of habeas corpus upon the order to show cause without bringing the petitioner before it; and (2) whether the petitioner was deprived of his right to assistance of counsel for his defense.

The appellant's first contention is answered in a decision of this court written by Judge Haney in Walker v. Johnston, Warden, etc., 9 Cir., 109 F.2d 436. The practice prevailing in the court below of issuing an order to show cause and requiring a return by the detaining officer was upheld in Walker's case, supra, which arose in the same District Court as the present case. "The practice of making a preliminary inquiry to determine the propriety of issuing the writ of habeas corpus has been approved. Ex parte Yarbrough, 110 U.S. 651, 4 S.Ct. 152, 28 L.Ed. 274; Murdock v. Pollock, 8 Cir., 229 F. 392; Zahn v. Hudspeth, 10 Cir., 102 F.2d 759." Nivens v. Hudspeth, Warden, 10 Cir., 105 F.2d 756, 759. The following language is taken from Christianson v. Zerbst, Warden, 10 Cir., 89 F.2d 40, 43: "Complaint is made that the court should have ordered the respondent to produce the person of petitioner in court. A motion for the production of the person was denied. Petitioner thereafter made an affidavit setting forth the facts within his knowledge, and it was admitted in evidence, despite objection of respondent. A court is authorized in a case of this kind to make a preliminary inquiry to determine the propriety of issuing the writ, and the presence of the petitioner is not essential at such inquiry. Where it appears at such preliminary inquiry that there is no basis for the issuance of the writ and that, if the petitioner were present, he would be remanded, it is not error to act in his absence. Since it appears that the petition failed to present any sustainable basis for the issuance of the writ, no right of petitioner was prejudiced. Murdock v. Pollock (C.C.A.) 229 F. 392." See also Ex parte Collins, C.C.N.D.Cal., 154 F. 980, 982, 983.

On the second, and main, question the appellant argues, in support of his petition for writ of habeas corpus and his appeal: "The Supreme Court held in the case of Johnson v. Zerbst [304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461], that unless an accused has counsel or has made an intelligent and competent waiver of his right to counsel, the jurisdiction of the court is lost, the judgment of conviction pronounced by the court is void and release from imprisonment may be obtained by habeas corpus."

Johnson's case, supra, however, is authority "that a judgment cannot lightly be set aside by collateral attack, even on habeas corpus"; that "When collaterally attacked, the judgment of a court carries with it a presumption of regularity"; and that, in such a case as this, "the burden of proof rests upon [petitioner] to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel." 304 U.S. at pages 468–469, 58 S.Ct. at page 1025, 82 L.Ed. 1461. See also Forthoffer v. Swope, Warden, 9 Cir., 103 F.2d 707, 710, 711; Nivens v. Hudspeth, Warden, 10 Cir., 105 F.2d 756, 758; Zahn v. Hudspeth, Warden, 10 Cir., 102 F.2d 759, 762.

The mere bald assertion (Ex parte Deatherage et al., 9 Cir., 98 F.2d 793) by a confessed criminal, without corroboration (Harpin v. Johnston, Warden, 9 Cir., 109 F.2d 434, certiorari denied, 60 S.Ct. 898, 84 L.Ed. ——, April 29, 1940), that he had been denied counsel is over-

come when the allegations of the petition are met and controverted by the affidavits of court officials present at the time defendant's pleas were entered, to the effect that it was the uniform practice of the court, never known by the affiant to have been departed from, that the judge, without exception, would apprise all defendants appearing without counsel of their right, if without funds, to have the court appoint counsel for them and that the defendant, after having the indictment read, answered that he understood the nature of the charge therein contained, and pleaded guilty, and at no time made request for the assistance of counsel. We do not believe that the intent or the effect, of the opinion in Johnson v. Zerbst, supra, was otherwise. When we say "the burden of proof rests upon [petitioner] to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel," we mean that petitioner must make a showing sufficient to overcome the presumption of regularity which attaches to a judgment of a court. The contention here made does not carry with it such quality of proof. Moreover, we do not hold that the records of the trial court must show that the defendant was offered the assistance of counsel and that he refused (although this would be the better practice), such holding would be shifting the burden of proof from petitioner to the court, upon a mere assertion of a petitioner. The defendant could have refused the court's offer of counsel and that fact still not appear of record. We also take cognizance of the fact that the appellant pleaded guilty in both instances—he admitted commission of the crimes of which he was charged, and it is not asserted in the record that he was *unable* to understand the charges. Moreover, we do not lose sight of the important distinction between a plea of guilty and not guilty; a layman who pleads his innocence would be put to a disadvantage in attempting to conduct his own defense and should have assistance whether he is able to pay for it or not; but the man who pleads guilty admits that he has no defense to make.

Judge Phillips of the Tenth Circuit Court of Appeals, in Buckner v. Hudspeth, Warden, 105 F.2d 396, 397, certiorari denied 308 U.S. 553, 60 S.Ct. 99, 84 L.Ed. ——, said: "The constitutional right of accused to have the assistance of counsel may be waived. The burden rested upon petitioner to establish that he did not competently and intelligently waive his constitutional right. The determination of whether there has been an intelligent waiver of the right to counsel depends upon the particular facts and circumstances in each case, including the background, experience, and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 464, 468, 58 S.Ct. 1019, 82 L.Ed. 1461. *Waiver of the right will ordinarily be implied where the accused appears without counsel and fails to request that counsel be assigned to him."* [Emphasis supplied.]

The Buckner case has been followed in Towne v. Hudspeth, Warden, 10 Cir., 108 F.2d 676, 677; McCoy v. Hudspeth, Warden, 10 Cir., 106 F.2d 810, 811; and Wilson v. Hudspeth, Warden, 10 Cir., 106 F.2d 812, 813.

We see no reason for not applying this general rule to the case at bar.

Affirmed.