**LEWIS v. JOHNSTON, Warden.**

No. 9351.

Circuit Court of Appeals, Ninth Circuit.

May 16, 1940.

---

[4] 177 U.S. 172, 175, 20 S.Ct. 617, 619, 44 L.Ed. 721.

[5] See also discussion in the opinion in Sibbach v. Wilson & Co., 7 Cir., 108 F.2d 415.

Morson Johnson Lewis, in pro. per.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

On or about May 15, 1936, Morson Johnson Lewis, while serving a sentence in the United States Northeastern Penitentiary, Lewisburg, Pennsylvania, escaped therefrom. He was later arrested in Tennessee and returned to the jurisdiction of, and tried in, the District Court of the United States for the Middle District of Pennsylvania. The indictment charged Lewis with escape from the above penitentiary, and he pleaded guilty and was sentenced to serve five years imprisonment. After incarceration at said penitentiary, and at Atlanta, Georgia, Lewis was transferred to Alcatraz Island, California. A few months after arrival at Alcatraz the appellant filed a petition for writ of habeas corpus in the court below, which petition alleged that the District Court which tried him was without jurisdiction because he had been deprived of his liberty without being advised of his right to assistance of counsel for his defense. An order to show cause issued to the appellee, and counsel was appointed for the petitioner (appellant here). Return to the order to show cause was made, accompanied by certain papers and three affidavits; a reply to said return was filed by the petitioner; thereafter the court denied the petition and discharged the order to show cause.

The appellant urges that the lower court erred in not bringing him before it and hearing him in person on his petition for writ of habeas corpus; that said court erred in not holding that he was denied the right of counsel for his defense; and in permitting the affidavits to be filed as a part of the return to the order to show cause without according him the opportunity to cross-examine the affiants.

One of these affidavits was made by the United States District Judge for the Middle District of Pennsylvania who sentenced appellant; one was made by the United States Attorney for said District; and the third by a Record Clerk of the United States Northeastern Penitentiary, from which Lewis had escaped. The learned District Judge averred that he had no personal independent recollection of the sentencing of Lewis; that it was his custom and practice to at all times satisfy himself that the rights of a defendant are fully protected; that he, at all times, has refused to accept a plea or impose sentence where there was any indication of coercion or that the defendant was under any misapprehension as to the plea entered by him or whether the defendant had or desired counsel; that he was satisfied that the rights of the defendant, Lewis, were protected in this regard. The affidavit of the United States Attorney averred that he personally presented for sentence the case of Lewis; that he had no independent recollection of what occurred in the particular case; that in all cases where prisoners were brought before the court on pleas of guilty, it was the uniform practice of his office to inquire of defendant whether he

was represented by counsel or whether he desired counsel; that he would not have proceeded in the case if there had been any indication that the defendant did not fully understand his rights. In his affidavit the Record Clerk of the Penitentiary stated that he distinctly remembered being called to the courtroom when Lewis was being sentenced; that the court made a full inquiry of the defendant; that the defendant told the court his reason for leaving the penitentiary; that the court questioned the defendant, who answered him; that there was nothing which transpired to indicate coercion of defendant or that the latter was under any misapprehension as to his rights.

 Our decision in Franzeen v. Johnston, Warden, 111 F.2d 817, filed May 9, 1940, is sufficient answer to the first two questions raised by the appellant and renders unnecessary any further discussion thereof.

The remaining question—that the lower court should not have heeded the affidavits filed with the return to the order to show cause—must also be decided adversely to the appellant's contention. In United States, etc., v. Williams et al., D.C. La., 6 F.2d 13, 15, 16, affirmed, 5 Cir., 12 F.2d 66, it was said: "At the trial relator objected to the use of these affidavits as evidence in court, on the ground that he was entitled to be confronted by the witnesses, and to have the right to cross-examine them. This is not a criminal case, controlled by the constitutional right of an accused to be confronted by witnesses, but is a civil case, and I conclude from this, and from the decisions, that the relator's objection on this ground is not supported by law, and that the affidavits can be properly considered as evidence by the court. * *" In Spann v. Zerbst, 5 Cir., 99 F.2d 336, the use of affidavits to explain and support the record was permitted, and, as well, in Franzeen v. Johnston, supra; Harpin v. Johnston, 9 Cir., 109 F.2d 434; and Walker v. Johnston, 9 Cir., 109 F.2d 436. See, also, 29 C.J. § 179, p. 159, § 192, p. 169; 51 A.L. R. 810, note; and Logan v. Johnston, D.C. Cal., 28 F.Supp. 98, 99, appeal dismissed, 9 Cir., 108 F.2d 1016. Then, too, the court is directed by the statute to "proceed in a summary way to determine the facts of the case, * * *." 28 U.S.C.A. § 461; Walker v. Johnston, supra.

In Kelly v. Johnston, 111 F.2d 613, decided by this court April 30, 1940, the appellant assigned as error the admission in evidence of an affidavit of the courtroom clerk. The court declined to consider the alleged error because the grounds of the objection did not appear in the record. In the instant case the appellant's reply to the return raised objections to the use of the affidavits; because of his plea of lack of education we have considered the problem, with the result above noted.

 Moreover, the burden of proof was on appellant and we are of opinion that he failed to carry that burden—he failed to make out a case entitling him to a discharge. Kelly v. Johnston, supra; Cundiff v. Nicholson, 4 Cir., 107 F.2d 162, 164.

Order affirmed.