McDOWELL v. JOHNSTON, Warden.

No. 23405–L.

District Court, N. D. California, S. D.
Feb. 6, 1941.

No counsel for petitioner.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

LOUDERBACK, District Judge.

The petitioner, a prisoner in the United States Penitentiary at Alcatraz, California, plead guilty to a charge of theft of Government property, 18 U.S.C.A. § 100, and on April 16, 1938, was sentenced by the United States District Court for the Eastern District of Michigan, Northern Division, to imprisonment in a penitentiary for ten years. The maximum sentence possible under the statute was five years.

It would appear that after the prisoner was sent to Alcatraz Prison, he learned of the fact that the sentence imposed upon him was excessive and filed a motion, signed and properly verified by him, in which he sought an amendment and correction of the sentence of April 16, 1938. He also wrote a letter to the United States Attorney, which reads as follows:

"From John R. McDowell June 24, 1940
 "Alcatraz, California

"To John C. Lehr, Esq., U. S. Attorney, Detroit, Michigan

"In re: United States, Plaintiff v McDowell, Defendant, Criminal Case No. 3990

"Sir: I have been informed by the court, that my motion for correction of sentence was presented to you for your approval, before the court would appoint counsel, to defend me, in said suit, or set a hearing, of said cause.

"I have been advised, by the court, to contact you on this matter, and am now so doing, please advise me, as to what steps you intend to take concerning this matter.

"My desire is, that the trial court, correct this excessive sentence, for I would rather the trial court would take this action, on this cause, rather than to have to file a writ of habeas corpus, in said cause.

 "Thanking you sir very kindly
 "I am respectfully
 "John R. McDowell
 "P.M.B. 499
 "Alcatraz, California".

On July 17, 1940, the United States Attorney wrote a letter, at Detroit, to the petitioner, in which he enclosed a copy of the proposed order for the reduction of the petitioner's sentence and requested that the petitioner indicate his consent thereto by approving the proposed order. The letter reads as follows:

"Mr. John Robert McDowell
"P.M.B. 499
"United States Penitentiary
"Alcatraz, California

"Sir: Referring to my letter of June 29, inclosed, you will find original order for a reduction of the sentence heretofore imposed by the Honorable Arthur J. Tuttle, United States District Judge.

"If you will O.K. this order and forward it back to me I will then fill in the date of the signing of the order and present the same to Judge Tuttle for his signature.

 "Yours very truly,
 "For the U. S. Attorney
 "Thomas P. Thornton
 "Assistant U. S. Attorney"

This the petitioner did, and his O.K. and signature appear on the original order, a certified copy of which is in the records of this case.

904

This record being presented to the trial court, on August 9, 1940, at the request of the petitioner, the original sentence of April 16, 1938, was vacated and the petitioner's sentence was modified to five years in a penitentiary, with sentence to commence as of April 16, 1938.

 The petitioner now contends that since he was not present in court when the sentence of August 9, 1940, was entered, the said sentence rendered in his absence is null and void, and that he is entitled to his immediate discharge on habeas corpus. However, in the instant case, that is but one of the questions to be determined. The petitioner had a common-law right to be present in court when sentence was imposed upon him. Price v. Zerbst, D.C., 268 F. 72. If a constitutional right may be waived by a defendant, then certainly the actions of the petitioner in this case would warrant a waiver of the common-law right. As to waiver of a constitutional right, see Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Walker v. Johnston, 9 Cir., 109 F.2d 436; Cooke v. Swope, 9 Cir., 109 F.2d 955; Franzeen v. Johnston, 9 Cir., 111 F.2d 817; Buckner v. Hudspeth, 10 Cir., 105 F.2d 396, certiorari denied, 308 U.S. 553, 60 S.Ct. 99, 84 L.Ed. 465.

In this case, the modification of sentence came as a result of the specific request of the petitioner, made formally by motion, and the order itself was personally "O.K.'d" by the petitioner.

 Furthermore, if the order of the court of August 9th, 1940, vacating the judgment of April 16, 1938, be considered void because the defendant was not present, then the judgment of April 16, 1938, was not vacated. If the petitioner then contends that the judgment of April 16, 1938, be considered void because excessive, the petitioner cannot secure his release by habeas corpus, until he has served the period for which he might legally be sentenced, to-wit, five years. This latter principle of law is expressed and fully discussed in the case of De Bara v. United States, 6 Cir., 99 F. 942; McNally v. Hill, 293 U.S. 131, 139, 55 S.Ct. 24, 79 L.Ed. 238; McKee v. Johnston, 9 Cir., 109 F.2d 273. The original sentence was April 16, 1938. Under the statute, 18 U.S.C.A. § 100, he might legally be sentenced to five years.

Therefore, the petition for a writ of habeas corpus is denied.