## Ex parte VON MOLTKE.
### No. 5542.

District Court, E. D. Michigan, S. D.
April 24, 1946.

G. Leslie Field and William O'Neill Kronner, both of Detroit, Mich., for plaintiff.

O'BRIEN, District Judge.

In the petition filed in this cause the petitioner directly or by implication charges that the District Attorney having the case in charge and agents of the Federal Bureau of Investigation mislead her or made promises to her that which at least some degree, influenced her action in pleading guilty to the charge. I am of the opinion that these charges have now been abandoned by the petitioner but for the purposes of the record I wish to state most vigorously that there was absolutely nothing in the testimony sustaining such charges or implications. The conduct of both the officials of the District Attorney's office and the agents of the Federal Bureau of Investigation were meticulous in safeguarding the rights of the petitioner and that the record is utterly bare of any support of petitioner's contentions.

The petitioner is a woman obviously of good education and above the average in intelligence. Her knowledge of English was fluent and ample. She had discussed the case with various people before the plea of guilty was entered. In fact, at her own request, she had a conference with the chief assistant district attorney wherein she endeavored to secure from him some promises of leniency and convenience as an inducement to a plea of guilty. These advancements by the petitioner were, of course, repudiated by the district attorney and she was informed of the officials who had jurisdiction over the matter in advent of her plea of guilty.

The chief contention of the petitioner was that her waiver of her right to counsel was not competently and intelligently made. The plea was taken before Judge Arthur Lederle of this District. The evidence showed that the Judge inquired of her if she understood the charges made in the indictment. She answered in the affirmative. The Judge inquired if she desired the assistance of counsel. She answered in the negative. The Judge then inquired what was her plea. She answered guilty. In addition to this she submitted a signed waiver stating that she did not desire counsel.

A judgment cannot be likely set aside by collateral attack even by habeas corpus. In such circumstances it carries with it a presumption of regularity. Franzeen v. Johnston, Warden, 9 Cir., 111 F.2d 817. At page 819 in the above citation the court said: "The mere bald assertion (Ex parte Deatherage, et al., 9 Cir., 98 F.2d 793) by a confessed criminal, without corroboration (Harpin v. Johnston, Warden, 9 Cir., 109 F.2d 434 * * *), that he had been denied counsel is overcome when the allegations of the petition are met and controverted by the affidavits of court officials present at the time defendant's pleas were entered, to the effect that it was the uniform practice of the court, never known by the affiant to have been departed from, that the judge, without exception, would apprise all defendants appearing without counsel of their right, if without funds, to have the court appoint counsel for them and that the defendant, after having the indictment read, [admitted] that he understood the nature of the charge therein contained, and pleaded guilty, and at no time made request for the assistance of counsel. * * * When we say 'the burden of proof rests upon [petitioner] to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel,'

996

we mean that petitioner must make a showing sufficient to overcome the presumption of regularity which attaches to a judgment of a court. The contention here made does not carry with it such quality of proof. Moreover, we do not hold that the records of the trial court must show that the defendant was offered the assistance of counsel and that he refused (although this would be the better practice), such holding would be shifting the burden of proof from petitioner to the court, upon a mere assertion of the petitioner. The defendant could have refused the court's offer of counsel and that fact still not appear of record. We also take cognizance of the fact that the appellant pleaded guilty in both instances—he admitted commission of the crimes of which he was charged, and it is not asserted in the record that he was unable to understand the charges. Moreover, we do not lose sight of the important distinction between a plea of guilty and not guilty; a layman who pleads his innocence would be put to disadvantage in attempting to conduct his own defense and should have assistance whether he is able to pay for it or not; but the man who pleads guilty admits he has no defense to make".

Judge Phillips of the Tenth Circuit Court of Appeals, in Buckner v. Hudspeth, Warden, 10 Cir., 105 F.2d 396, 397, certiorari denied 308 U.S. 553, 60 S.Ct. 99, 84 L.Ed. 465, said: "The constitutional right of accused to have assistance of counsel may be waived. The burden rested upon petitioner to establish that he did not competently and intelligently waive his constitutional right. The determination of whether there has been an intelligent waiver of the right to counsel depends upon the particular facts and circumstances in each case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, 304 U.S. 458, 464, 468, 58 S.Ct. 1019, 82 L.Ed. 1461. "Waiver of the right will ordinarily be implied where the accused appears without counsel and fails to request that counsel be assigned to him." Other citations in harmony with the above are Towne v. Hudspeth, Warden, 10 Cir., 108 F.2d 676, 677; McCoy v. Hudspeth, Warden, 10 Cir., 106 F.2d 810, 811; Wilson v. Hudspeth, War-den, 10 Cir., 106 F.2d 812, 813 and Harpin v. Johnston, 9 Cir., 109 F.2d 434.

■ It is the further contention of petitioner that she could not plead guilty and waive right to counsel without legal advice. If such a proposition were true then no one could waive their constitutional rights. An argument similar in character to this put forth by the petitioner was reviewed and refuted in Adams v. United States, 317 U.S. 269, 272, 63 S.Ct. 236, 240, 87 L.Ed. 268, 143 A.L.R. 435. The Court said: "The short of the matter is that an accused, in the exercise of a free and intelligent choice, and with the considered approval of the court, may waive trial by jury, and so likewise may he competently and intelligently waive his Constitutional right to assistance of counsel. There is nothing in the Constitution to prevent an accused from choosing to have his fate tried before a judge without a jury even though, in deciding what is best for himself, he follows the guidance of his own wisdom and not that of a lawyer. * * * It hardly occurred to the framers of the original Constitution and of the Bill of Rights that an accused, acting in obedience to the dictates of self-interest or the promptings of conscience, should be prevented from surrendering his liberty by admitting his guilt. The Constitution does not compel an accused who admits his guilt to stand trial against his own wishes. Legislation apart, no social policy calls for the adoption by the courts of an inexorable rule that guilt must be determined only by a trial and not by admission. A plea of guilt expresses the defendant's belief that his acts were proscribed by law and that he cannot successfully be defended. * * * And not even now is it suggested that a layman cannot plead guilty unless he has the opinion of a lawyer on the questions of law that might arise if he did not admit his guilt. Plainly, the ingrafting of such a requirement upon the Constitution would be a gratuitous dislocation of the processes of justice."

Another statement of the law upon this point is contained in the case of Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 875. The court stated that: "In the second place, there is no absolute requirement that

a defendant be represented by counsel. An accused, in the exercise of a free and intelligent choice, and with the considered approval of the court, may competently and intelligently waive his constitutional right to assistance of counsel. Hence, the mere fact that an accused was not represented by counsel is not in itself, alone, a sufficient basis for granting a writ."

The only substantial question in this case is whether the petitioner intelligently and knowingly waived her constitutional rights. It was her obligation to sustain the allegations of her petition by a preponderance of evidence. Not only has she failed in this, but I believe that the evidence is overwhelming against her contentions. The petitioner is an intelligent, mentally acute woman. She understood the charge and the proceedings. She freely, intelligently and knowingly waived her constitutional rights. I conclude, therefore, that there is no merit in her petition and that it shall be dismissed together with the writ.