**JACKSON v. SANFORD.**

No. 2198.

District Court, N. D. Georgia, Atlanta Division.

May 9, 1947.

William H. Jackson, in pro. per.

M. Neil Andrews, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., F. Douglas King, Asst. U. S. Atty., and Eugene Ferry Smith, Colonel, J. A. G. D., Staff Judge Advocate, Seventh Army, all of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was convicted before a General Court-Martial convened at Robins Field, Georgia, upon charges of violation of the 93rd Article of War, 10 U.S.C.A. § 1565, the specifications being (1) unlawful entry of the Post Exchange, Robins Field, Georgia, with intent to commit larceny, and (2) theft of specified goods therefrom, acting jointly with another named individual and in pursuance of a common intent.

A sentence of five years imprisonment was imposed on January 9, 1946, and duly approved according to law.

Application for habeas corpus was presented urging as grounds that petitioner had been denied the right to subpoena witnesses in his behalf, and did not have choice of defense counsel in the trial by General Court-Martial. Petitioner also charged that the Trial Judge Advocate had falsified the record, and prayed that certain personnel of Robins Field, Georgia, be subpoenaed to verify his statements. Writ was granted and two hearing had thereon, at which petitioner testified, documentary evidence was intro-

duced, and depositions of witnesses read into the record.

■ "The court-martial being a special statutory tribunal, with limited powers, its judgment is open to collateral attack, and unless facts essential to sustain its jurisdiction appear, it must be held not to exist." Collins v. McDonald, 258 U.S. 416, 418, 42 S.Ct. 326, 327, 66 L.Ed. 692, but its "sentence cannot be collaterally impeached for mere errors or irregularities, if any such were committed by the court while acting within the sphere of its authority." Ex parte Reed, 100 U.S. 13 (3), 25 L.Ed. 538; Schita v. Cox, 8 Cir., 139 F.2d 971, 972. However, "the civil courts cannot review the merits of cases tried in the military tribunals." Sanford v. Robbins, 5 Cir., 115 F.2d 435, 437, certiorari denied 312 U.S. 697, 61 S.Ct. 737, 85 L.Ed. 1132. "The civil courts may inquire only as to the jurisdiction of the military courts and should this be found lacking the proceedings may be declared a nullity, but the test is jurisdiction, and when the court-martial possesses this qualification its sentence is conclusive and beyond review * * *." Carter v. Woodring, 67 App.D.C. 393, 92 F.2d 544, 546; certiorari denied 302 U.S. 752, 58 S.Ct. 283, 82 L.Ed. 582.

■■ The burden of proof is upon petitioner to establish his grounds for habeas corpus by a preponderance of the evidence. Johnson v. Zerbat, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461; Walker v. Johnston, 312 U.S. 275, 286, 61 S.Ct. 574, 85 L.Ed. 830, and although subject to collateral attack, clear and convincing proof is necesary to set aside the judgment of a general court-martial. "If the result of the adjudicatory process is not to be set at naught, it is not asking too much that the burden of showing essential unfairness be sustained by him who claims such injustice and seeks to have the result set aside, and that it be sustained not as a matter of speculation but as a demonstra-

ble reality." Adams v. United States ex rel. McCann, 317 U.S. 269, 281, 63 S.Ct. 236, 242, 87 L.Ed. 268, 143.

■ In determining where the preponderance of the evidence lies, the usual rules of evidence apply (39 C.J.S., Habeas Corpus, § 100, § c, page 674, and the testimony of petitioner may be disbelieved even where not rebutted by other evidence. Williams v. Huff, 79 U.S. App.D.C. 326, 146 F.2d 867, 868. In the present case, petitioner's testimony supports the allegations of his petition, but all of the other evidence, including the certified record, is to the contrary. The mere assertions of petitioner are not sufficient to establish a preponderance of the evidence when contradicted by all the other facts and circumstances. Ex parte Deatherage, 9 Cir., 98 F.2d 793; Harpin v. Johnston, 9 Cir., 109 F.2d 434; Franzeen v. Johnston, 9 Cir., 111 F.2d 817; Lewis v. Johnston, 9 Cir., 112 F.2d 451.

■ I find from the evidence that petitioner was afforded the right to subpoena witnesses in his behalf and that he competently and intelligently consented that the Defense Counsel assigned him by the Court-Martial conduct the trial of his case in the absence of the regularly assigned Defense Counsel of the Court-Martial; that the defense of his case was efficiently conducted, and that none of the persons now insisted upon as witnesses knew any facts which could have produced a different result from that reached by the Court-Martial under the evidence adduced before it. I further find from the evidence that the record of the Court-Martial was not falsified and correctly reflects the proceedings before it.

No ground for habeas corpus has been established.

Whereupon, it is Considered, Ordered and Adjudged that said writ of habeas corpus be, and same is, hereby discharged and petitioner remanded to the custody of respondent.