**Bill HALL, Petitioner,**

v.

**Ray H. PAGE, Warden of the Oklahoma State Penitentiary, and the State of Oklahoma, Respondents.**

**No. 67–C–2.**

United States District Court
N. D. Oklahoma.
May 2, 1967.

Clyde T. Patrick, Sapulpa, Okl., for petitioner.

Charles L. Owens, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

The petitioner Bill Hall, a state prisoner serving a life sentence for armed robbery, has brought this habeas corpus action alleging that his plea of guilty entered on August 14, 1940, was coerced. Pursuant to Hall v. Page, (Tenth Cir.—1966) 367 F.2d 352, an evidentiary hearing was conducted in this Court on the claim of coercion after the case was transferred to this District from the Eastern District of Oklahoma, pursuant to 28 U.S.C. § 2241(d). Counsel was appointed by the Court for the petitioner.

The petitioner claims herein that his "plea of guilty was involuntary, having been coerced by a county sheriff who advised Hall (petitioner herein) that he would receive no further medical atten-

tion, and would not be taken to the State Penitentiary for hospital treatment until after a plea of guilty to the pending charges." Hall v. Page, supra.

At the evidentiary hearing the petitioner testified to the above effect and without objection an affidavit of his co-defendant in the state case, one Joe Lovelace, also now a prisoner of the State of Oklahoma, was received in evidence which stated that the County Sheriff gave such advice to the petitioner.

The evidence introduced at the hearing identified the County Sheriff, established that he was killed in a car accident in 1949, that the petitioner heard that the Sheriff was dead and learned this before he filed his first proceeding in habeas corpus in the Oklahoma Court of Criminal Appeals in which the same alleged coercion as herein claimed was asserted. See Ex Parte Hall, 91 Okl.Cr. 11, 215 P.2d 587 at page 590. This proceeding in habaes corpus was denied in 1950. Ex Parte Hall, supra. A second proceeding seeking release by writ of habeas corpus in the same Court was denied in 1953. Ex Parte Hall, 97 Okl.Cr. 204, 261 P.2d 475. The case now before this Court was filed in 1966.

At the evidentiary hearing the petitioner also testified that the County Attorney told him that the Sheriff had exclusive authority regarding the hospitalization of the petitioner; that he told the County Attorney about the alleged coercion practiced on him by the County Sheriff and that his voice was so weak at the time he was sentenced that the County Attorney had to relay his plea of guilty to the Court by bending over and placing his ear next to the petitioner's mouth.

This County Attorney testified in person and denied that he ever told the petitioner that the County Sheriff had exclusive authority regarding the hospitalization of the petitioner; that he definitely knew that the Court also had authority in this area. The County Attorney also denied that the petitioner ever told him about the alleged coercive statement by the County Sheriff; that

had he been so advised by the petitioner he would not have participated in the arraignment and sentencing of the petitioner. The County Attorney also denied that he relayed the petitioner's plea of guilty to the Court at any time.

Thus, the testimony of the petitioner on these three points is directly contradicted by the County Attorney. The testimony of the County Attorney also directly contradicted the statement in the affidavit of the co-defendant of the petitioner that the County Attorney relayed the petitioner's plea of guilty "at which time the Court did then and there pronounce the said judgment for which the said Bill Hall is at present serving a life sentence." The testimony of the County Attorney and other evidence in the case also directly contradicted the statement in the affidavit of the said co-defendant of the petitioner that "further the said Bill Hall did wave (sic) the right of having a lawyer appointed to defned (sic) him, at which time the Court did then and there pronounce the said judgment for which the said Bill Hall is at present serving a life sentence." The record conclusively shows that the petitioner was represented by counsel at the time of his plea of guilty before the District Judge and at the time he was sentenced with said co-defendant to life imprisonment.

The transcript of the District Court arraignment and sentencing also clearly establishes that the petitioner received medical attention by Dr. B. C. Schwab in the County Jail at Sapulpa, Oklahoma, on August 13, 1940, the day he was brought to said jail from Stillwater, Oklahoma, and again received medical attention from said Dr. Schwab on August 14, 1940, the day he was arraigned and sentenced. This transcript also shows that the petitioner gave intelligent answers to nine questions put to him by the District Judge which negates the testimony of the petitioner that he was so weak that the County Attorney had to relay to the Court his plea of guilty. The transcript does not bear out the claim of the petitioner that his plea of guilty was relayed by the County Attorney.

The County Sheriff, to whom is attributed the alleged coercive statement to the petitioner, is deceased and is not available to testify as to whether or not he made such statement to the petitioner and did so in the presence of his co-defendant as testified herein by the petitioner and as stated by the co-defendant in his affidavit. It is significant that the petitioner waited for about nine years and until after the death of said County Sheriff before asserting such coercive statement before a Court.

Under the Petition of the petitioner herein and the opinion of our Circuit (Hall v. Page, supra) the factual issue for determination by this Court is whether or not the petitioner's plea of guilty herein was coerced by the alleged statement from the County Sheriff that he would receive no further medical attention and would not be taken to the State Penitentiary for hospital treatment until after a plea of guilty to the pending charges. This alleged coercive statement by the County Sheriff, if made at all, was not followed by the County Sheriff for the record conclusively shows that the petitioner was, in fact, seen by Dr. Schwab on the day of his arrival at the County Jail of said Sheriff and again the next day and said doctor was in attendance at the arraignment and sentencing of the petitioner and testified therein to the effect that the petitioner was sane and alert and knew what was going on at the time.

The transcript of the proceedings had before the Justice of the Peace and the District Court regarding the petitioner is in evidence and discloses that appropriate care was exercised by the District Judge in seeing that the petitioner had counsel and also realized what was going on and what he was doing by appointing able counsel and requiring medical testimony by Dr. Schwab, the attending physician for the petitioner, as to his alertness and knowledge as to what was going on. This transcript, of course, re-

veals no evidence of the alleged coercive statement by the County Sheriff. It does show that the arraignment and sentencing was accomplished at the request of the petitioner and that the petitioner and Joe Lovelace were arraigned and sentenced at the same time.

The burden of proof is upon the petitioner in this civil habeas corpus proceeding to establish by a preponderance of the evidence that he is entitled to the relief sought. Beeler v. Crouse, 332 F.2d 783 (Tenth Cir.–1964); Sanchez v. Cox, 357 F.2d 260 (Tenth Cir.–1966). In this case the complaint of the petitioner is founded on an alleged coercive statement by a County Sheriff which alleged coercive statement does not appear in any of the Court records or proceedings. In other words, the alleged coercive statement is extraneous to the record and requires a factual determination as to whether or not in fact and truth such alleged coercive statement was communicated to the petitioner by the County Sheriff. The Court should consider the record, all the circumstances and the conduct of those involved in determining this factual matter. If such statement which is attributed to the County Sheriff was, in fact, communicated by the County Sheriff to the petitioner and by reason thereof he entered a plea of guilty in order to receive hospital treatment at the State Penitentiary as he alleges, then his plea of guilty would be involuntary by reason of coercion and should be vacated. On the other hand, however, if the factual determination is reached from the evidentiary hearing herein, the record and all the circumstances of the case and the conduct of those involved that the petitioner has failed to sustain his burden herein then the petitioner should be denied the relief he requests. The Court is not required in these circumstances [1]

to accept the allegation and testimony herein of the petitioner as true even though corroborated by his co-defendant because it is not directly refuted by the person alleged to have made such coercive statements. Jackson v. Sanford, 79 F.Supp. 74 (N.D.Ga.–1947), affirmed 163 F.2d 875 (Fifth Cir.–1947), cert. denied 332 U.S. 848, 68 S.Ct. 343, 92 L.Ed. 418; Ex Parte Farrell, 189 F.2d 540 (First Cir.–1951), cert. denied 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634; Allen v. Rodriguez, 372 F.2d 116 (Tenth Cir.–1967). If the state of the law were otherwise a prisoner would only have to wait until someone connected with his case dies and then attribute some improper statement to such individual and thereby cause the proceedings to be vacated. Thus, the Court is not required in these circumstances to conclude that the assertions made herein are true because not directly denied by the alleged wrongdoer but the Court may consider all of the evidence, the record including the transcript of the proceedings and all the circumstances of the case and the conduct of those involved in making the factual determination in this matter. Jackson v. Sanford, supra.

From a consideration and weighing of all the evidence produced herein including the transcript of the proceedings and observing the appearance and demeanor of the petitioner and considering the credibility of the petitioner [2] and the other witnesses and considering all the circumstances, and the conduct and interest of the parties in connection with the matter at hand and the impeachment of the testimony of the petitioner and his co-defendant in other significant respects, the Court finds and concludes that the petitioner has failed to sustain his burden of proof herein and has not satisfied the Court by a preponderance of the evidence that his plea

---

1. Particularly in view of the death of the person to whom the coercive statement is attributed, the considerable lapse of time before the claim asserted herein was ever raised before a Court and then was first asserted before a Court immediately following the death of the person to whom the coercive statement is attributed.

2. The petitioner had four ·previous felony convictions. His co-defendant is a convicted felon.

of guilty herein was coerced by any such claimed coercive statement by the County Sheriff involved. To the contrary, the Court finds and concludes herein from all the evidence presented that the County Sheriff did not, in fact, make any such coercive statement to the petitioner and that petitioner's plea of guilty was voluntary and free from coercion.

Accordingly, the petitioner's Application for Writ of Habeas Corpus is denied.