## SMITH v. JOHNSTON, Warden.
### No. 8155.

Circuit Court of Appeals, Ninth Circuit.
April 3, 1936.

Clint Smith, in pro. per.

H. H. McPike, U. S. Atty., and Thomas Lynch, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order of the District Court refusing appellant's application for a writ of habeas corpus. The application shows that the appellant is in the custody of the warden of the United States Penitentiary at Alcatraz Island in San Francisco Bay, Cal., under commitment from the District Court of the United States for the Eastern District of Oklahoma under a 9-year sentence beginning January 4, 1934, which has not yet expired.

Appellant claims that the indictment was returned (in May, 1933) before the offense was committed (October 16, 1933). The record shows that the indictment was filed in open court November 29, 1933. The appellant has confused the beginning of the term, May, 1933, with the return of the indictment.

Appellant urges that the indictment is vague and indefinite regarding the time and place of the alleged offense and as to the ownership and theft of the stolen goods received. The indictment charges the appellant and a codefendant with receiving four cases of Old Gold cigarettes worth $200 which had been in the possession of the St. Louis & San Francisco Railway Company, and which was moving in interstate commerce from Houston, Tex., to Fort Sill, Okl., under waybill 41848 of that company, dated October 14, 1933, consigned to the Universal Terminal Warehouse Company, of Houston, Tex., to Quartermaster Fas, Fort Sill, Okl., with knowledge that the same had been feloniously carried away from the true and special owners thereof. This property was taken from box car No. 151099 of the railway company, in Hughes county, Okl.

We have recently passed upon a similar appeal, Tesciona v. Johnston, 81 F.(2d) 1022, March 27, 1936, affirming the decision of the lower court.

The indictment in this case is clearly sufficient. Goldstein v. United States (C.C.A.) 73 F.(2d) 804, 808. Moreover, a petition for writ of habeas corpus cannot be used in lieu of an appeal if the trial court has jurisdiction. Frank v. Mangum, 237 U.S. 309, 326, 35 S.Ct. 582, 59 L.Ed. 969; McNally v. Hill, Warden, 293 U.S. 131, 139, 55 S.Ct. 24, 79 L.Ed. 238.

Appellant claims that the indictment was insufficient because it did not state the particular section of the law which he had violated. This was unnecessary. Williams v. United States, 168 U.S. 382, 389, 18 S.Ct. 92, 42 L.Ed. 509; Taylor v. United States (C.C.A.) 2 F.(2d) 444, 446.

He also claims that the sentence of 9 years is at least 4 years in excess of

the maximum provided by law because the maximum sentence provided by law is 5 years. In this he is in error. The maximum sentence is 10 years. 18 U.S.C.A. § 409. McNally v. Hill, 293 .U.S. 131, 139, 55 S.Ct. 24, 79 L.Ed. 238, supra. Moreover, he is not in a position to urge this question at the present time; the 5-year period not having expired. McNally v. Hill, supra.

Order affirmed.