## COOKE v. SWOPE, Warden.
### No. 70.

District Court, W. D. Washington, S. D.
July 22, 1939.

J. E. Murray, in pro. per.

J. Charles Dennis, U. S. Atty., and Oliver Malm, Asst. U. S. Atty., both of Tacoma, Wash., for respondent.

YANKWICH, District Judge (after stating facts as above).

The defendant seeks to ground his petition on Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. There, after a plea of not guilty was entered by the defendants to a charge of counterfeiting, they "said that they had no lawyer, and—in response to an inquiry of the court—stated that they were ready for trial. They were then tried, convicted, and sentenced, without assistance of counsel." Johnson v. Zerbst, supra, 304 U.S. at page 460, 58 S.Ct. at page 1021, 82 L. Ed. 1461.

The Court held that they should have been informed that they had a right to counsel, and the record should have shown a distinct waiver.

Here, the record shows a copy of the indictment in the hands of the petitioner before the arraignment, an arraignment, a waiver of the reading of the indictment and a plea of guilty, followed by a waiver of time for sentence.

The petitioner had difficulty with the law before, and, on two occasions, had pleaded guilty, without the presence of counsel.

Where an accused person,—as this defendant, who knows the nature of the plea of guilty,—thus stands before the Court and declares himself guilty, to my mind, the absence of *a formal waiver* of the right to counsel means nothing.

For, when the defendant says: "I waive the reading of the indictment and plead guilty to the charge", it is indicative to the Court that he knows what he is doing, and does not need counsel.

The plea of guilty is one which *the accused alone* may enter in felonies. It is a "record of admission of what is well alleged in the indictment". Bishop's New Criminal Procedure, 2nd Ed.1913, Sec. 795.2; 16 Cor.Jur. pp. 394, 400. It is a waiver of trial and all the incidences of it. See Hallinger v. Davis, 1892, 146 U.S. 314, 13 S.Ct. 105, 36 L.Ed. 986; United States v. Norris, 1930, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076. The Court cannot force counsel upon a defendant. Bishop, op. cit., sec. 303.1.

At times, it has been my custom, when confronted with an ignorant defendant, who was about to enter a plea of guilty to a charge of a serious nature, to appoint counsel for him, notwithstanding his offer to plead guilty.

This, in order that he be more fully advised.

But this is merely a precautionary measure aimed to avoid a possible claim after disappointment with the sentence, that the defendant had not understood the nature of the charge or pleaded under misapprehension.

■ The constitutional guarantee of counsel insures that "in all criminal prosecutions, the accused shall enjoy the right * * * to *have the Assistance of Counsel for his defence*". Constitution of the United States, Sixth Amendment, U.S.C.A.

But when a defendant comes into court and waives the reading of the indictment, of which he has a copy, and when asked how he pleads, does not say "I do not understand it and need counsel to advise me", but pleads guilty, it seems to me that it would be reading into the constitutional guarantee rights not accorded to hold that it is violated under such circumstances. For it would imply that the Court had the right to impose counsel on the accused, when, by his waiver and the plea, he indicated that he desired no time and, therefore, did not need counsel. And there is no showing that the defendant here, at any time, thought of doing otherwise than he did, i. e., plead guilty. On the contrary, he stated that "he would have" pleaded guilty under any circumstances.

■ There is no requirement that counsel represent a defendant when he intends to enter a plea of guilty. The entry of such a plea indicates that he knows with what he is charged. It is tantamount to a waiver, not only of the right to counsel, but of the right to trial by a jury.

If the contention made here were tenable, it could also be claimed that the record does not show a waiver of the right to trial by a jury.

■ The plea of guilty made, as here, *voluntarily,* is a waiver of all of a defendant's rights,—the right to counsel, the right to trial by jury, or to a trial at all. As said in Kercheval v. United States, 1927, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009: "A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; *it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence.*" (Italics added)

The decision in Johnson v. Zerbst, supra, *does not say* that when a defendant intends to plead guilty and actually pleads guilty, after a copy of an indictment has been given to him, and he waives the reading of it, and waives time for sentence, the record must *still show a waiver of counsel.* The case must be considered in the light of the particular facts before the court. As already stated, the defendants there had entered a plea of "not guilty" and informed the court that they did not have counsel, but were ready to proceed with the trial. Under the circumstances, the Court held that they should have been offered the assistance of counsel, or the record should have shown an express waiver.

But we cannot interpret this to mean that an offer of counsel should be made to a defendant who does not intend to have a "defense", but intends to plead guilty, and, by his actions, shows that he does so, with full knowledge of the contents of the indictment.

■ Strength is added to this conclusion by the fact that the rules of the Supreme Court governing criminal cases, which have the force of law, provide that, after a plea of guilty has been entered, the District Court, upon cause shown, may allow it to be changed within ten days after entry and before sentence. Rule II(4) 28 U.S.C.A. following Section 723a. After that period, the District Court cannot allow a change of plea, and the government acquires the right to have judgment follow the plea. The object of this rule was to do away with the rule previously obtaining which permitted a change of plea "if for any reason the granting of the privilege seems fair and just", Kerchaval v. United States, 1927, 274 U.S. 220, 225, 47 S.Ct. 582, 583, 71 L.Ed. 1009, and which, no doubt, at times, worked for delay.

■ On the facts here and the law, I am satisfied that the defendant has not been deprived of the assistance of counsel, but waived it, as well as the trial of the issues under the indictments by his voluntary entry of a plea of guilty.

■ As to the second indictment,—the Government concedes that the sentence is

excessive. But until the defendant has completed the minimum sentence under it, he is not illegally detained. McNally v. Hill, 1934, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Smith v. Johnston, 9 Cir., 1936, 83 F.2d 321.

I thought, on my first reading of the petition, that the point was made that the petitioner was not properly sentenced on both counts of the first indictment, because there was only one act involved. This, of course, is not the law. We have many instances when, although there be but one act, two violations may result from it. This, because the law defines two distinct offenses, and to prove one requires an element which is not present in the other. See my opinion in United States v. Harris, D.C., 1939, 26 F.Supp. 788.

However, on examining the indictment, I find that it charges two distinct forgeries. And the petitioner states that he is not making this contention.

The order to show cause will be discharged and a writ of habeas corpus will be denied.