890

**UNITED STATES ex rel. COATE v. HILL, Warden.**

No. 110.

District Court, M. D. Pennsylvania.
Nov. 10, 1939.

Arlon Coate, in pro. per.

Frederick V. Follmer, U. S. Atty., of Milton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

The petitioner, Arlon Coate, was indicted May 18, 1937, in the District Court for the Northern District of Ohio, Eastern Division, to No. 15932 Criminal Docket, charged with violation of the National Motor Vehicle Theft Act, (18 U.S.C.A. § 408). He was arraigned May 20, 1937, and entered a plea of guilty, whereupon a penitentiary sentence of four years was imposed. While incarcerated, petitioner on October 5, 1939, filed with this Court his petition for writ of habeas corpus, and on the same day an order was entered authorizing petitioner to proceed in forma pauper-

is and entering a rule on Henry C. Hill, Warden, to show cause why the prayer of the petition should not be granted. Answer to the rule was made October 21, 1939.

■ First, petitioner asserts he is improperly confined because "a new trial, upon grounds of mental incompetency, due to injuries received within twenty-four (24) hours prior to entering the aforesaid plea of 'Guilty' was denied your petitioner, without a physical and mental examination for the same". A certified copy of the docket entries in the case of United States v. Arlon Coate and Laura Estes, No. 15932 Criminal Docket, Northern District of Ohio, Eastern Division, contains no record of a motion for a new trial in that case. There is also the affidavit of Frank Wiedemann, Assistant United States Attorney and counsel for the government in the case, that he has no knowledge of an oral request for a new trial.

Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden is upon him to establish the alleged irregularities by a preponderance of the evidence. Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461. In regard to his first allegation petitioner has not met the required burden of proof.

■ Secondly, petitioner alleges he is improperly confined because he "was not advised of the fact that he was permitted to have counsel for his defense". The Sixth Amendment to the Federal Constitution, U.S.C.A., provides, inter alia, that "in all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." If petitioner was denied this right, and if there was no intelligent and competent waiver of the right, then the subsequent conviction and sentence are invalid, as the Sixth Amendment would be a constitutional bar to validity. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. It is admitted that petitioner Coate was not represented by counsel. The question is whether he knew his constitutional right thereto and intelligently and competently waived it.

■ Whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused. There is no presumption of waiver of fundamental constitutional rights. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461. The petitioner here, under the name of James Lewis, had previous experience with the law. "Where an accused person,—as this defendant, who knows the nature of the plea of guilty,—thus stands before the Court and declares himself guilty, * * * the absence of a formal waiver of the right to counsel means nothing." Cooke v. Swope, D.C., 28 F.Supp. 492, 493. Petitioner's prior encounters with the law, and the consequent knowledge gained thereby, place a greater burden upon him when he asserts that he was not conversant with his constitutional right to counsel. Affidavits attached to respondent's answer indicate that it was always Judge West's habit (he being the sentencing Judge) to inform defendants of their right to counsel and ask if they desired such. Under all the circumstances of the case the petitioner has not convinced this Court by a preponderance of the evidence that his constitutional right to counsel was infringed.

■ Thirdly, petitioner alleges he is improperly confined because "Your petitioner and his accomplice entered pleas of 'Guilty' before the aforesaid Court. Your petitioner's plea of 'Guilty' was accepted by the aforesaid Court, and your petitioner's accomplice was released because of insufficient evidence, by the aforesaid Court". Under the particular circumstances of any case it is always proper for the trial judge to hold one defendant and release another. Here, apparently the trial judge felt that the accomplice did not come within the meaning of the spirit of the act violated, and so ordered her release. That was a matter within the discretion of the trial judge and will not be reviewed by this Court.

For the above reasons, it is therefore ordered and decreed that the rule to show cause why a writ of habeas corpus should not issue, be and the same is hereby discharged, and the petition of Arlon Coate for said writ be and the same is hereby denied.