**COOKE v. SWOPE, Warden.**

**No. 9309.**

Circuit Court of Appeals, Ninth Circuit.

Feb. 21, 1940.

Virgil Bernadine Cooke, in pro. per.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Oliver Malm, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Appeal from an order of the District Court discharging an order to show cause and denying the writ of habeas corpus.

Petitioner pleaded guilty to charges in two indictments, waived time and was sentenced to imprisonment. Thereafter he petitioned for the writ of habeas corpus, alleging that he was being illegally detained of his liberty because he was without the assistance of legal counsel at the time he pleaded guilty and waived time for sentence.

There is nothing in the law of the land as interpreted by the much misread Johnson v. Zerbst opinion, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, or otherwise that requires a person, free from a disability, to have counsel in a United States court. He is, however, entitled to the aid and assistance of counsel and it is the duty of a trial court to see to it that both the letter and the spirit of this right are accorded him. A United States court through the application of the writ of habeas corpus will be diligent in ascertaining whether or not a prisoner has been deprived of this right, although the burden of showing it rests upon the petitioner.

Much has been written upon the applicable law, and instead of elaborating here we deem it sufficient to refer with approval to the opinion rendered by the trial court in this proceeding with its wealth of cited authority. Cooke v. Swope, D.C., 28 F.Supp. 492. Therein, also, the facts are accurately stated and each point raised by appellant correctly treated. Also in accord with the principles applied are McCoy v. Hudspeth, Warden, 10 Cir., 1939, 106 F.2d 810, 812; Wilson v. Hudspeth, Warden, 10 Cir., 1939, 106 F.2d 812, 814; Cundiff v. Nicholson, Warden, 4 Cir., 1939, 107 F.2d 162, 164; Thompson v. King, Warden, 8 Cir., 1939, 107 F.2d 307, 309.