### JORGENSEN v. SWOPE, Warden.

### No. 9466.

Circuit Court of Appeals, Ninth Circuit.

Oct. 5, 1940.

Weldon Forbes Jorgensen, in pro. per.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Oliver Malm, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order denying petitioner's application for a writ of habeas corpus. The court held that the facts stated in the petition were insufficient to entitle the appellant to a writ. If so the denial was proper. 28 U.S.C.A. § 455; Walker v. Johnston, 9 Cir., 109 F.2d 436; Brown v. Johnston, 9 Cir., 91 F.2d 370.

The petition states that in the Southern Division of the United States District

---

Court for the Northern District of California the petitioner, upon arraignment, on December 16, 1936, plead guilty to an indictment charging him with the transportation across a state line of a stolen automobile, known by him to have been stolen, in violation of 18 U.S.C.A. § 408, ch. 89, Secs. 1 to 5, 41 Stats. 324. The court sentenced petitioner to a term of three years in a federal penitentiary. While confined therein he escaped from a federal road camp at Kooskia, Idaho, was apprehended, indicted, and plead guilty to an escape. For this offense he was sentenced to a term of two years in a federal penitentiary, the term to begin at the end of the term for which he was already under sentence.

Petitioner's claim is that the first sentence was void because his plea of guilty was made without the assistance of counsel. That sentence, however, has expired but petitioner claims that his term on the second sentence has expired and that he should be released because it should be held that he began to serve his second sentence when he was returned to the prison after that sentence was imposed for the reason that there was no authority to detain him on the first charge.

The petitioner's whole claim hinges upon the alleged invalidity of the first sentence, for the transportation of a stolen automobile. That question depends upon the sufficiency of the allegations of the petition to show that his constitutional right to the assistance of counsel has been violated. In that regard the petitioner alleges that when he was arraigned on December 16, 1936, he was without the assistance of counsel; that he was not advised of his right to counsel; that not knowing of his right to the aid or assistance of counsel the right to the aid of counsel was not waived by him. He alleges that at the time of the arraignment he was and still is incapable of determining for himself whether the indictment stated an offense of which the trial court has jurisdiction or whether or not he should have entered a plea of guilty to the indictment, but that he entered the plea upon the advice of the United States marshal. He does not allege that he requested the assistance of counsel.

The minutes of the court for the 16th day of December show that the defendant was present in court, in custody, without an attorney, was duly arraigned, and entered a plea of guilty; that the court heard Mr. Hammack, the Assistant United States Attorney, Officer H. A. Smith, and Mrs. Jorgensen, the mother of the defendant, and Mr. Paul S. De Alva, and continued the case to December 19, 1936, for pronouncing judgment; that J. C. Astredo, probation officer, was heard, and the case was referred to Charles H. Upton, probation officer, for investigation and report. The judgment was pronounced December 22, 1936.

 It will be observed that there is no claim on the part of petitioner that he was incompetent. He does not state his age or allege any facts which indicate that he did not consciously waive his right to the assistance of counsel. The presumption is that a person knows the law. This presumption is well-nigh conclusive, but on habeas corpus could be overcome by sufficient allegation and proof to the contrary.

 The trial court, following its previous decision in Cooke v. Swope, D.C., 28 F.Supp. 492, held that the general allegation of a petitioner that he had plead guilty without advice as to, or knowledge of, his right to the assistance of counsel and without such counsel, was insufficient to overcome the presumption of validity inherent in the judgment of the United States District Court, where there was no request for the assistance of counsel. The decision of the trial judge in Cooke v. Swope, supra, was sustained by this court. 9 Cir., 109 F. 2d 955. Our decision in that case should be followed unless there is some controlling distinction or some subsequent decision by the Supreme Court requiring us to depart therefrom. There are none. These questions have been frequently before the United States Circuit Courts of Appeals and District Courts since the decision of the Supreme Court in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. We will not attempt to analyze or discuss these numerous decisions, many of which were rendered by this court. The mere allegation of ignorance of the right to the assistance of counsel, without supporting facts or circumstances, is insufficient to overcome the presumptions arising from the judgment and from the presumption of knowledge of the law. Harpin v. Johnston, 9 Cir., 109 F.2d 434, 435. In several recent decisions by the Circuit Courts of Appeals it is held that a waiver of the right to the assistance of counsel will ordinarily be implied where the accused appears without counsel and fails to request that counsel be assigned to him. Buckner v. Hudspeth,

990

10 Cir., 105 F.2d 396 and cases there cited. This court has recently applied that rule in Harpin v. Johnston, supra.

Order affirmed.