## ADKINS v. SANFORD, Warden.

### No. 9902.

Circuit Court of Appeals, Fifth Circuit.

June 9, 1941.

Robert B. Adkins (in pro. per.), of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and H. H. Tysinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before FOSTER HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order discharging a writ of habeas corpus. It presents the question: Does the Sixth Amendment to the Constitution require the United States District Court, at the peril of its jurisdiction, to appoint counsel to represent a defendant who made no request for a lawyer, who admitted his guilt before the Commissioner, who pleaded guilty to the three-count indictment against him after it was read to him in open court, who now acknowledges that he was guilty as charged, and whose sole complaint against the outcome of the proceedings is that, had he been represented by an attorney, the sentence might not have been as severe as that imposed upon him?

The Sixth Amendment provides that in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense. This amendment was enacted in 1791, and finds the reason for its birth in English jurisprudence. In England in 1791, and until 1836, no person accused of a felony other than treason was permitted to have the assistance of counsel in the presentation of the whole case.[1] The purpose of the amendment obviously was to insure to the citizens of this country an escape from the intolerable hardship imposed by this portion of the common law; to "protect an accused from conviction resulting from his own ignorance of his * * * rights." Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461. Has this amendment been violated here?

The first count of the indictment against Adkins charged the robbery of a national

---

[1] Saylor v. Sanford, 5 Cir., 99 F.2d 605; Cooley's Constitutional Limitations, pp. 696–701.

bank by force and violence and putting in fear. The second and third counts charged assault with a deadly weapon on two different persons in the commission of the offense first charged. Adkins pleaded guilty to the indictment, and was given sentences on each count within the limits prescribed by the statute. At the hearing below upon the petition for habeas corpus, Adkins acknowledged that he had intended to plead guilty to robbery with fire arms, and to the two assaults; but he protested that he did not understand the indictment, and was unaware that his offenses comprised more than one count.

In this case the judgment was upon a plea of guilty, and no claim is made of an unfair trial or improper sentence, except it is contended that, had counsel been appointed, the sentence imposed might have been less severe. The Johnson case, supra, held that an accused was entitled to have a lawyer represent him unless he made an intelligent waiver of his right; this was for the purpose of insuring him a fair trial. Adkins pleaded guilty to the charges against him, and saved the necessity of any trial at all.

 There is no necessity for the court to appoint an attorney to represent a defendant when he intelligently pleads guilty to an indictment which he understands.[2] Adkins was fully aware of the charges made against him, and that he was guilty of them all. So far as we are able to determine from the record, the matters about which he was ignorant—that of the division of the indictment into separate counts and of the penalties imposed for his crimes—neither deprived him of a fair trial, caused the trial to result in his conviction, nor brought about any result different from that which would have followed had counsel been appointed.

We are convinced that this defendant competently and intelligently waived his right to the assistance of counsel; so the presumption of regularity attending the judgment is not dispelled by this collateral attack. Johnson v. Zerbst, supra.

The judgment of the District Court is affirmed.

---

[2] Johnson v. Zerbst, supra; Cf. notes of Judge Fitzhugh in United States v. Bollman, 24 Fed.Cas. 1189, 1191, No. 14,622.