KENT v. SANFORD, Warden.

No. 9815.

Circuit Court of Appeals, Fifth Circuit.

June 23, 1941.

Paul Crutchfield, of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tysinger and John J. Flynt, Jr., Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The appellant was convicted of violating Section 398 of Title 18 of the United States Code, 18 U.S.C.A. § 398. The court below denied his petition for discharge upon a writ of habeas corpus. The question is whether or not the United States District Court which sentenced him lost jurisdiction to proceed with the case because his attorney was absent when the jury returned its verdict and the court imposed its sentence.

The attorney appointed by the court to represent the defendant was a reputable lawyer, experienced in the trial of criminal cases. He was permitted to confer in private with his client, and the trial was not begun until the defense announced ready. No request was made for additional time, and the court was not asked to issue process for any witnesses for the defense. The attorney actively conducted the defense until after the evidence was adduced, arguments made, and the case submitted to the jury. After the jury had retired and before it rendered its verdict, the attorney requested permission of the court to be excused, and advised the court that he had no objection to the return of the verdict in his absence. The judge granted the permission, and assured

the attorney that, should the verdict be irregular in any manner, he would send it back to the jury. The verdict of guilty was returned in the presence of the defendant but in the absence of his attorney; it was not irregular, and the judge thereupon, in accordance with his prevailing custom, pronounced sentence.

On the morning following the trial the defendant was taken from Meridian, Mississippi, to the federal penitentiary at Atlanta, Georgia. On that morning his attorney appeared in court and learned the outcome of the trial. The judge inquired as to whether a motion for a new trial would be made, and the attorney said "no". This habeas corpus proceeding is the first legal action taken subsequent to the trial below; no motion for a new trial was made, and no appeal was taken.

Petitioner's reliance is upon the construction given to the Sixth Amendment to the Constitution in the case of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. It was there held that the purpose of that portion of the Sixth Amendment relating to the right of counsel was to protect an accused from conviction resulting from his own ignorance of his rights. We think the purpose and intent of the amendment was adequately served in this case. Petitioner was at all times protected in the course of his trial by one learned in the law. He was represented by counsel until after the case was submitted to the jury, and the only two steps of which he now complains are the return of the verdict and the imposition of sentence. The court advisedly accepted for itself the duty of representing the defendant upon the return of the verdict, and fully discharged that responsibility.

The absence of the attorney from the court room when the verdict was returned and sentence imposed had no effect whatever upon the right of the defendant to move for a new trial or to appeal from the judgment; ample time for that remained after the appointed counsel was fully advised of all that transpired during his absence.

We think the record establishes that the defendant was fully protected in his constitutional right to be represented by counsel, and that, after the trial had progressed beyond the stage of submission to the jury, it was within the province of counsel and the district court to determine whether or not the temporary absence of the former was prejudicial to the defendant's rights. This is especially true when it does not appear that the defendant himself made any objection to such temporary absence or did not in fact consent to it.[1]

The attorney in this case did nothing unethical. He performed his duty as ably, fully, and faithfully as if he had been paid for his services. While an attorney appointed by the court is under as high a duty to his client as one employed and paid by the defendant, he is under no higher duty; and it is not unusual for paid and competent attorneys to be absent in special instances when verdicts are rendered. The court which excuses an attorney for reasons deemed sufficient by it does not lose jurisdiction to receive the verdict of the jury and sentence the defendant when both the attorney and the court are of the opinion that there are no further duties to be performed by him before the rendition of the verdict and the imposition of the sentence.

The judgment discharging the writ of habeas corpus is affirmed.

HUTCHESON, Circuit Judge (dissenting).

The majority opinion in brushing Johnson v. Zerbst aside, as holding merely "that the purpose of that portion of the Sixth Amendment relating to the right of counsel was to protect an accused from conviction resulting from his own ignorance of his rights", has in effect stripped an epoch making decision of its vital force and power, as a bulwark to defendants, who have not intelligently waived counsel, against their being tried, convicted or sentenced without the assistance of counsel. But the majority opinion does not stop with the mere brushing aside of the Johnson case. It proceeds to approve as correct, a practice with regard to counsel appointed by the court which, to say no more, if it keeps the promise of the Sixth Amendment to the ear, breaks it to the hope.

For the record shows that appointed counsel, applied for, and the court, con-

1 Johnson v. Zerbst, supra; Adkins v. Sanford, 5 Cir., June 9, 1941, 120 F.2d 471.

sented to, his release from further attendance on the trial after argument to the jury, and that the court, sentenced the defendant in the absence of his counsel, and immediately sent him off to the penitentiary. It thus appears that court and counsel considered the appointment of counsel as not affording defendant the assistance of counsel at his sentence, by requiring counsel to appear for and with him then, nor that of conferring with him afterwards, in regard to a motion for a new trial or appeal, before he was hurried off to the penitentiary.

Of this record, the majority solemnly declares that "the record establishes that the defendant was fully protected in his constitutional right to be represented by counsel." I submit with deference that this view is not in accord either with the contractual or the ethical view of the relation of lawyer and client in a criminal case. I do not suppose that the majority would hold that a lawyer, privately employed to defend a client, would claim that his duty was done, his fee earned, when the jury retired to consider their verdict. I cannot believe that this court should approve a practice which requires of a lawyer, appointed by the court when the defendant is without means to employ counsel of his own choosing, any less duty than is required of a counsel privately employed. If the duty of appointed counsel is no less, and I cannot believe otherwise, I cannot see how the acts of the court and appointed counsel here, did not have the effect, of not only leaving defendant without, but of actually depriving him of, counsel in the case. The question presented here is not as to what would have been the effect if counsel had absented himself without the court's, but with his client's permission, the question is what was the effect of the act of the judge in agreeing with counsel before the verdict, without consultation with defendant, that he might in effect withdraw from the active conduct of the case, leaving the defendant unrepresented in fact, at the most important step in the trial, the imposition of sentence, under a procedure, which gives the court the widest latitude including placing the defendant on probation.

In view of the sentence the defendant received, his counsel absent, I cannot at all agree with the conclusion of the majority that the defendant was fully protected in his constitutional right to be represented by counsel. I think it clear that he was deprived of that right and that because he was, it was error to discharge the writ. I dissent.