**O'KEITH v. JOHNSTON, Warden.**
No. 10134.

Circuit Court of Appeals, Ninth Circuit.
Aug. 20, 1942.

M. C. Symonds, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

Pursuant to the mandate of this court (O'Keith v. Johnston, 122 F.2d 554), hearing was had in the District Court of the United States for the Northern District of California on the return, traverse and petition of appellant for release from the custody of respondent at Alcatraz Penitentiary upon writ of habeas corpus. From the order of that court discharging the writ and remanding him petitioner was allowed to proceed on his appeal in forma pauperis.

Of the grounds upon which the writ was originally sought, only two were urged on this appeal: one, that appellant was denied his constitutional right to counsel, and, the other, that he was not advised before his plea of guilty of his right to be represented by counsel. Two additional grounds for reversal are raised on appeal based on asserted errors arising in the hearing of appellant's application: first, that appellant's request for a jury trial of the issues of fact was denied, and, second, that evidence was received on behalf of appellee more than five days after return of the writ of habeas corpus.

The lower court found as facts that appellant had correspondence while in jail, regarding retention of counsel, that he did not request of the prison authorities permission to communicate with counsel, that he did not request to be represented by counsel, and that no reference to counsel was made by or in the presence of the court which sentenced him. As conclusions of law, the court held that appellant was not denied his right to counsel, that he had not sustained his burden of showing the contrary, and that he intelligently waived counsel, and that he was not denied due process of law.

The lower court's so-called conclusion of law that appellant intelligently waived counsel, is a finding of an ultimate fact. Its effect is not changed by its erroneous designation. Bogan v. Hynes, 9 Cir., 1933, 65 F.2d 524, 526. The first question then is whether or not this finding of waiver is supported by the evidence.

A waiver of counsel is usually to be implied from the appearance of an accused without counsel, and his failure to request counsel. Walker v. Chitty, 9 Cir., 1940, 112 F.2d 79; Jorgensen v. Swope, 9 Cir., 1940, 114 F.2d 988. This is particularly true when the accused by his plea of guilty has rendered a trial unnecessary. Cundiff v. Nicholson, 4 Cir., 1939, 107 F.2d 162; Cooke v. Swope, 9 Cir., 1940, 109 F.2d 955; Franzeen v. Johnston, 9 Cir., 1940, 111 F.2d 817; Adkins v. Sanford, 5 Cir., 1941, 120 F.2d 471. The burden is on a defendant who appears without counsel to show that he did not intelligently waive his right. The determination of this question of waiver depends on the circumstances of the particular case, including the background, experience and conduct of the accused. Harpin v. Johnston, 9 Cir., 1940, 109 F.2d 434, quoting Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

The evidence, so far as it is here material, is as follows: The arresting officers testified that before his arraignment and plea appellant made and signed a full and free confession which was introduced in evidence. Appellant testified that he did not knowingly sign such a document and that he made no confession. Appellant testified that prior to his arraignment his request for permission to telephone to an attorney was refused. The officer in question denied this statement. The jailer testified that appellant had corresponded with a friend regarding retention of an attorney. Copies of this correspondence, which was

denied by appellant, were introduced in evidence and indicated his decision not to hire the particular attorney under discussion. The indictment was read to appellant in open court and he pleaded guilty, after a warning by the judge as to the serious nature of the offense charged, but he was not informed by the court or arresting officers that he had a right to counsel.

Appellant has been convicted of other felonies and his credibility is thus impeached and his testimony should be rejected unless, notwithstanding the base character of the witness, the court finds him entitled to belief. The acceptance of contrary evidence from credible witnesses appearing before that court is binding upon us. Federal Rules of Civil Procedure, rules 52(a), 81(a) (2), 28 U.S.C.A. following section 723c; Kelly v. Johnston, 9 Cir., 128 F.2d 793, decided by this court June 8, 1942.

Appellant relies on the case of Evans v. Rives, App.D.C.1942, 126 F.2d 633, as supporting the proposition that the burden is on the respondent to show by affirmative evidence an intelligent waiver of counsel. That case is not in point. There was no finding there, as there is here, that counsel was intelligently waived.

Appellant's contention that he was not advised of his right to counsel is without merit. The lower court has found that he intelligently waived his right to counsel. To inform him of the existence of a right which he knew and had intelligently waived would have been a useless act. Its performance was not required by the Constitution. Its omission did not deprive the court of jurisdiction.

Appellant's contention that he was entitled to a jury trial in the habeas corpus proceeding upon disputed issues of fact in the court below rests upon the provisions of 28 U.S.C.A. § 770, as follows:

"Trial of issues of fact; by jury. The trial of issues of fact in the district courts, in all causes except cases in equity and cases of admiralty and maritime jurisdiction, and except as otherwise provided in proceeding in bankruptcy, shall be by jury. * * *"

This section, however, is general in its scope, and cannot be given effect in the face of inconsistent provisions dealing with the specific subject at hand. State of Missouri v. Ross, 299 U.S. 72, 76, 57 S.Ct. 60, 81 L.Ed. 46. Chapter 14 of 28 U.S.C.A. deals specifically with the subject of habeas corpus, and § 461 therein provides:

"Summary hearing; disposition of party. The court, or justice, or judge shall proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require."

The Supreme Court has recently held that this provision requires that the judge try the issue of facts. Holiday v. Johnston, 313 U.S. 342, 351, 352, 550, 61 S.Ct. 1015, 1018, 85 L.Ed. 1392, where the Court said: "The Congress has seen fit to lodge in the judge the duty of investigation," and (pages 353, 354 of 313 U.S., page 1019 of 61 S.Ct., 85 L.Ed. 1392) "The District Judge should himself have heard the prisoner's testimony and, in the light of it and the other testimony, himself have found the facts and based his disposition of the cause upon his findings."

We hold, therefore, that the requirement in § 461 that the hearing so held be "in a summary way" does not require or permit trial of facts by a jury. This conclusion accords with the general understanding of the word "summary". See 2 Bouv.Law Dict., Rawle's Third Rev., pp. 3181, 3182, defining "summary proceeding" and "summary conviction" as being without a jury.

28 U.S.C.A. § 459 provides that, "When the writ is returned, a day shall be set for the hearing of the cause, not exceeding five days thereafter, unless the party petitioning requests a longer time." This was done. The hearing was set for the day following the return.

Appellant argues that by virtue of this provision the court below was in error in receiving evidence on behalf of respondent more than five days after the return of the writ. The provision that "a day" be set for the hearing cannot be construed as requiring that the hearing be concluded within any given time.

In no event would mere delay entitle the petitioner to release from custody or to a reversal on appeal.

Order affirmed.