## WIDMER v. JOHNSTON.

### No. 10296.

Circuit Court of Appeals, Ninth Circuit.
June 11, 1943.

Rehearing Denied Aug. 13, 1943.

James Widmer, pro per.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

On September 23, 1937, three indictments were returned against the appellant, James Widmer, by a federal grand jury in the Northern District of Ohio, Eastern Division, charging three separate bank robberies. One of these indictments, No. 16063, was in three counts and charged violations of Section 588b(a), Section 588b (b), and Section 588c of Title 12 U.S.C.A. The second and third indictments, Nos. 16064 and 16066, respectively, were each drawn in one count and charged separate transgressions of Section 588b(a), Title 12

U.S.C.A. At the time of the arraignment appellant appeared without an attorney, and after the charges were read to him in open court, he pleaded guilty to all three indictments; but before the imposition of sentence, the United States Attorney advised the court that he had come into possession of information indicating that appellant had not committed the offense charged in No. 16066, whereupon the plea of guilty to that charge was withdrawn. On October 26, 1937, in case No. 16063, counts one and two, and case No. 16064, appellant was given prison sentences totaling sixty-five years. Sentence on the third count of No. 16063 was deferred and still remains unimposed.

Appellant is now serving under the above-mentioned sentences a term of imprisonment at the United States Penitentiary at Alcatraz, California, from which institution he seeks release upon a petition for a writ of habeas corpus filed in the court below. In the petition he alleges in substance, (1) that he was deprived of his constitutional right to assistance of counsel and (2) that his pleas of guilty were not free and voluntary but induced by the promise of the United States Attorney that if appellant so pleaded, he could "guarantee that Judge Jones will not give [him] more than twenty-five years" and by the threat that if appellant went on trial, the United States Attorney "would be compelled to demand the death penalty for the kidnapping."[1]

Request having been made by appellant, the district court appointed an outstanding attorney as counsel to represent him on this petition. A writ of habeas corpus was issued, to which appellee James A. Johnston, Warden, Alcatraz Penitentiary, made return. Thereafter, appellant was granted a hearing at the conclusion of which the court below discharged the writ and denied the petition. Application to appeal to this court in forma pauperis was granted. Counsel appointed by the court below having requested to be and having been relieved from further duties, appellant is appearing here in propria persona.

As findings of fact the lower court determined that "at the time of [appellant's] appearance before the United States District Court for the Northern District of Ohio, Eastern Division, and prior to his plea to the * * * indictments, he was asked by the trial court if he desired counsel to represent him, and he stated to the court that he did not desire counsel to be assigned to him"; that "prior to his pleas to the * * * indictments, the charges * * * were read in open court, and [the appellant] was asked whether he understood the nature of the charges against him, and he replied that he did"; that he "freely and voluntarily entered pleas of guilty to the charges of the respective counts of the indictments theretofore read to him"; that "his pleas of guilty * * * were not entered as a result of any threats made against him, or any promises made to him by any persons whomsoever"; and that at no time did the United States Attorney have a conversation with appellant in which he promised that if appellant would plead guilty, he would not "get over twenty-five years", or in which he threatened to demand the death penalty if appellant stood trial. As "conclusions of law" the court held that appellant "has not sustained the burden of proving that he was denied the right of assistance of counsel for his defense" or "that he had not voluntarily entered pleas of guilty"; and further that appellant, "by his acts and conduct, intelligently, competently and intentionally waived his right of assistance of counsel".

If appellant's right under the Sixth Amendment to assistance of counsel was violated or if his plea of guilty was coerced or induced by deception upon the part of the Government officials, then it was the duty of the district court to order his release upon a writ of habeas corpus. Walker v. Johnston, 1941, 312 U.S. 275, 286, 61 S.Ct. 574, 85 L.Ed. 830; Smith v. O'Grady, 1941, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859; Waley v. Johnston, 1942, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Johnson v. Zerbst, 1938, 304 U.S. 458, 467-469, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461. "It must be remembered, however, that a judgment cannot be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment

---

[1] The third count of indictment No. 16063 charged appellant and his accomplices with forcing one Joseph Varga without his consent to accompany them in the commission of the offenses charged in counts one and two of said indictment. The applicable statute, Section 588c, Title 12 U.S.C.A., provides for punishment "by imprisonment for not less than 10 years, or by death if the verdict of the jury shall so direct."

of the court carries with it a presumption of regularity" and the prisoner is under the burden of proving by a preponderance of evidence the facts which he alleges entitle him to a discharge. Johnson v. Zerbst, supra, and Walker v. Johnston, supra.

At a preliminary hearing before the United States Commissioner appellant was represented by an attorney. Thereafter, he negotiated with other attorneys. As a reason for not engaging one, he states that he could not afford to pay the fee asked. He alleges here that he did not know, and that the trial judge did not inform him, that if he so desired, counsel would be appointed to represent him at no cost to him. For this reason, he contends that he was deprived of the right to assistance of counsel.

■ In Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 465, 86 L.Ed. 680, the supreme court stated that "The trial court should protect the right of an accused to have the assistance of counsel. 'This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, * * *.' Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461." As stated in the case of Evans v. Rives, 1942, 75 U.S.App.D.C. 242, 126 F.2d 633, the trial judge should inform the accused person of his right to counsel, and further, that if he is unable to procure counsel, the court will appoint one should he so desire.

As was the situation in the recent case of O'Keith v. Johnston, 9 Cir., 129 F.2d 889, 890, certiorari denied 317 U.S. 680, 63 S.Ct. 161, 87 L.Ed. ——, rehearing denied 317 U.S. 711, 63 S.Ct. 256, 87 L.Ed. ——, "The lower court's so-called conclusion of law that appellant intelligently waived counsel, is a finding of an ultimate fact. Its effect is not changed by its erroneous designation." Therefore, in the instant case, if the finding of waiver of right to assistance of counsel and also, the finding that the pleas of guilty were freely and voluntarily entered, are supported by the evidence, we are bound to affirm the judgment of the lower court.

■ As regards the question of whether or not the appellant had intelligently and competently waived his right to assistance of counsel, there was a conflict in the evidence. But, on the other hand, and in support of the finding of the court below, Emerich Freed, the United States attorney who prosecuted appellant and who is now a United States District Judge, testified: "My recollection is that he was asked, and that his reply was that he did not desire to have counsel assigned to him." On cross-examination the United States attorney was asked, "Was the petitioner at that time advised, either by you or the court, that if he were unable to employ counsel, that the court would appoint counsel for him?" and he replied, "It is my recollection that the court so advised him." Also, when the charges were read in open court, appellant stated that he understood them. With respect to the question of whether or not the pleas of guilty were free and voluntary, Emerich. Freed contradicted the appellant, and categorically denied making any promises to him, or even of having talked with him, except in the courtroom at the time of arraignment.

■ Appellant has a record of felony convictions dating back to 1917 and including a murder conviction in 1926. At the time appellant was apprehended on the bank robbery charges he was an escaped convict from the Missouri State Penitentiary, where he was serving a life sentence on the aforesaid murder conviction. His "credibility is thus impeached and his testimony should be rejected unless, notwithstanding the base character of the witness, the court finds him entitled to belief. The acceptance of contrary evidence from credible witnesses appearing before the court is binding upon us." O'Keith v. Johnston, supra, 129 F.2d 889, 891.

■ Appellant complains of the fact that the record did not show that the trial court had determined that there was a proper waiver, and directs our attention to the statement of the supreme court that "it would be fitting and appropriate for that determination to appear upon the record." Johnson v. Zerbst, supra, 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461. While it would doubtless be a better practice to record the fact of a determination of proper waiver of counsel, still the failure to do so does not negative that such determination was made. The recordation would go merely to the matter of proof.

Affirmed.