712

## ALEXANDER v. JOHNSTON, Warden.
### No. 10402.

Circuit Court of Appeals, Ninth Circuit.
Aug. 30, 1943.

Edward V. Mills, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Alexander is confined in the United States Penitentiary at Alcatraz, California, by Johnston, as warden, upon commitment issued after Alexander had pleaded guilty to a count in an indictment and had been sentenced. Upon his petition alleging illegal imprisonment a writ of habeas corpus was issued, and after a hearing the petition was denied and the writ discharged. Alexander appeals. His sole ground for demanding liberty at the habeas corpus hearing and here is that he was without the assistance of counsel and was not advised that he could have counsel notwithstanding he could not pay therefor upon arraignment, plea and sentence. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461. At the hearing herein he stated that at his arraignment Elmer Furrow, attorney for four other defendants, spoke for all five of them (indicted together) and entered pleas of not guilty for all; that at the time set for trial he changed his plea to guilty because he was financially unable to retain a lawyer; that the indictment was read to him at both arraignment and the time set for trial; that before sentence the court asked if he had anything to say in his behalf and at his request granted him a private interview at which he asked for clemency for one of his co-defendants; and that twice before he had been convicted of attempted burglary and that both times he had been represented by an attorney.

Paul Jones, the United States Attorney in charge of the case, testified that at the arraignment Elmer Furrow spoke for all the defendants, that shortly before the case was called for trial Mr. Furrow informed him that the defendants intended to withdraw their pleas of not guilty and to plead guilty, that on the day set for trial Mr. Furrow was in court together with three defendants of whom appellant was one, and

that appellant never repudiated Mr. Furrow as his attorney.

The minutes of the court recording the arraignment, read in part:

"Appearances: Paul F. Jones, U. S. Attorney, for the United States.
Joseph Alexander, Donald Potter, Lewis Badgett, Gladys Chow alias Gladys Cain alias Florence Sutton, and Newton Cain, defendants, each in person, and by Elmer Furrow, their attorney."

The minutes recording the proceedings when change of plea was had, read in part:

"Appearances: Paul F. Jones, for United States. Joseph Alexander, in person."

 The court below found that appellant had the assistance of counsel in the proceedings before the trial court, that he was not denied the right of assistance of counsel for his defense, and that his plea of guilty was freely and voluntarily entered. These statements are findings of fact. They were listed as conclusions of law, but their designation is immaterial, O'Keith v. Johnston, 9 Cir., 129 F.2d 889, 890.

The record herein shows that appellant was represented by counsel at the time of his arraignment. At no time did appellant ever deny that Mr. Furrow was his attorney although at the time he changed his plea from not guilty to guilty, he personally advised the court of such change. At no time did he indicate the slightest dissatisfaction with Mr. Furrow as his attorney, and no occasion arose for the court to inform him that an attorney would be furnished him by court appointment and without charge. Twice before he had been convicted of a felony, and each time he had been represented by counsel. The court in weighing the testimony in the habeas corpus hearing had a right to consider the petitioner's ripe experience in criminal court matters together with his credibility as a witness. On most, if not on all, counts the situation in Johnson v. Zerbst, supra, heavily relied upon by appellant, is exactly the opposite that in the instant proceeding.

The findings of the court below to the effect that appellant had the assistance of counsel are supported by substantial evidence and are not clearly erroneous. Rules of Civil Procedure 52(a), 81(a)(2), 28 U.S.C.A. following section 723c; Kelly v. Johnston, 9 Cir., 128 F.2d 793, 794; Kelly v. Aderhold, 10 Cir., 112 F.2d 118, 119.

Affirmed.

MATHEWS, Circuit Judge, did not participate in the consideration or decision of this case.