## McLAUGHLIN v. SANFORD, Warden.

### No. 1864.

District Court, N. D. Georgia,
Atlanta Division.

Dec. 16, 1943.

John F. McLaughlin, in pro. per.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

On March 29, 1943, in the United States District Court for the Eastern District of New York, petitioner was sentenced, upon his plea of guilty, upon an indictment of nineteen counts, charging the felonious breaking open of combination letter and package boxes at various locations in Brooklyn, New York. Petitioner was sentenced to a term of three years on each of counts 1, 2 and 3, the sentences running consecutively, and for a period of three years on each of the other counts, but execution of sentence on the latter counts was suspended and defendant placed on probation for one day on each of said counts.

The sole ground for writ of habeas corpus alleged is that he was denied assistance of counsel.

Upon his arrest, petitioner confessed to the crimes charged in the indictment and himself testified in this proceeding that his confession was freely and voluntarily made, but that, after signing same, he was promised that he would be returned to the army if he plead guilty, he being at the time absent from the army without leave.

Petitioner further testified that he did not know that he had a right to the assistance of counsel and did not ask the Court to appoint one, and that, "I figured I was going to be let off, so I didn't."

This testimony was given at the first hearing. The Court continued the case to enable the United States Attorney to secure evidence, which, it was agreed, could be taken by affidavit.

Upon the final hearing, the affidavit of C. D. Ordway, a Post Office Inspector, who, petitioner claimed, promised to return him to the army, was read. Affiant denied that either he or any one else in his presence made any such promise to defendant.

The affidavit of Assistant United States Attorney T. Vincent Quinn, who handled the prosecution of the indictment, stated that neither he nor any one in his presence made any promises to petitioner, but that, on the other hand, at the time petitioner was arraigned and plead guilty, Judge Moscowitz "asked the defendant if he realized that by pleading guilty he would subject himself to a prison sentence, to which the defendant replied that he did. Judge Moscowitz then asked the defendant if he pleaded with that understanding, and the defendant replied that he did."

It does not appear from the record that the Judge asked petitioner if he desired counsel or explained his constitutional right to same. Petitioner testified that he did not.

I find from the evidence that petitioner's plea of guilty was not induced by any promises, but was voluntary and was intelligently and competently entered; that he freely admitted his guilt and understood the consequences of his act in pleading guilty; and that in a previous criminal case he had requested the appointment of counsel by the Court and one had been appointed.

"There is no necessity for the court to appoint an attorney to represent a defendant when he intelligently pleads guilty to an indictment which he understands." Adkins v. Sanford, 5 Cir., 120 F.2d 471, 472.

"Where an accused personally enters a plea of guilty to a crime whereof he stands charged, and does so understandingly, freely and voluntarily without asking the assistance of counsel, a waiver of the right to be represented by counsel may

fairly be inferred." Cundiff v. Nicholson, 4 Cir., 107 F.2d 162, 163.

The burden of proof rests upon petitioner "to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel. * * * If petitioner fails to sustain this burden, he is not entitled to the writ." Johnson v. Zerbat, 304 U.S. 358, 469, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461, 146 A.L.R. 357.

In this case, petitioner has failed to sustain this burden and the writ should be discharged.

Whereupon, it is considered, ordered and adjudged that said writ of habeas corpus be, and same is hereby, discharged and petitioner remanded to the custody of respondent.