**O'KEITH v. JOHNSTON.**

No. 10761.

Circuit Court of Appeals, Ninth Circuit.

Dec. 12, 1944.

Charles O'Keith, in pro. per.

Frank J. Hennessy, U. S. Atty., and Robert B. McMillan and Joseph Karesh, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HEALY and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

This is appellant's second appearance in this court for the issuance of a writ of

habeas corpus. The lower court denied the instant application for habeas corpus on the grounds that the facts presented are identical to those in the former case, O'Keith v. Johnston, 9 Cir., 129 F.2d 889.

Appellant contends he has proffered new evidence and additional authorities. Since O'Keith v. Johnston, 9 Cir., 129 F.2d 889, was decided by this court, there have been other cases decided on this question of waiver of the right to assistance of counsel. Appellant relies on Widmer v. Johnston, 9 Cir., 136 F.2d 416, decided by this court. In our view this case does not sustain appellant's position. The Widmer case, quoting in part from the first O'Keith v. Johnston case, says that if the finding of waiver of assistance of counsel and also a finding that pleas of guilty were freely and voluntarily entered are supported by evidence, we are bound to affirm the judgment of the lower court. The court also said whereas the better practice would be to record the fact of determination of proper waiver, still the failure to do so did not negative the fact such a determination was made. It merely goes to the proof.

In the instant case, there was a conflict in the evidence. Appellant said his request to summon an attorney had been refused. This was denied by other witnesses. Letters whose existence had at first been denied by appellant were introduced in evidence showing correspondence relative to hiring an attorney and which indicated appellant had decided not to hire an attorney. The appellant had been previously convicted of other felonies. The court below had the opportunity to weigh his credibility.

The evidence shows appellant was not refused an attorney, that he wanted to plead guilty, even after a warning from the judge as to the serious nature of the offense. The lower court was in the best position to judge whether appellant intelligently waived his right to counsel. If the court feels that he understands he is waiving a right, it is not a jurisdictional imperative that he be presently reminded of it. Michener v. Johnston, 9 Cir., 141 F.2d 171, 174. To inform him of the existence of a right which he knew and had intelligently waived would have been a useless act. O'Keith v. Johnston, 9 Cir., 129 F.2d 889, 891.

The appellant also calls attention to Bayless v. Johnston, D.C., 48 F.Supp. 758.

In that case also the petitioner was before the court. There the lower court found that the petitioner had not intelligently waived the right to counsel. On appeal this court did not disturb the findings. In the absence of clear error, we feel that the finding of the lower court that appellant intelligently waived counsel should not be disturbed.

As to whether the proceedings should have been heard by Judge St. Sure, this point has been decided by Burall v. Johnston, 9 Cir., 146 F.2d 230.

Affirmed.